621 So.2d 890 (1993)
STATE of Louisiana
v.
Stanley BRITTON.
No. 92-KA-0639.
Court of Appeal of Louisiana, Fourth Circuit.
July 15, 1993.
Harry F. Connick, Dist. Atty. for Parish of Orleans, Susan M. Erlanger, Asst. Dist. Atty., New Orleans, for plaintiff.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for defendant.
Before ARMSTRONG, JONES and WALTZER, JJ.
JONES, Judge.
Defendant, Stanley Britton, appeals his conviction for a violation of La.R.S. 40:967 relative to possession of cocaine. We reverse the trial court's judgment and remand this case for further proceedings.
Just before 6:00 p.m. on April 22, 1990, police officers on patrol in the 1600 block of Newton Street saw a group of men kneeling on the ground outside a gas station. *891 Thinking that perhaps the men were involved in a dice game, the officers drove up to the men. As the officers neared the group, the defendant stood up and quickly walked away from the group, entering the gas station store. The officers followed the defendant into the store but did not approach him. As they watched, the defendant walked over to a gum and candy display. The defendant reached into his pocket, took out a small yellow plastic bag, and placed it on the gum display. He then walked over to the cold drink cooler. At that point, one officer detained him while the other officer retrieved the yellow plastic bag, which was found to contain rocks of crack cocaine.
On May 24, 1990, the defendant was charged with simple possession of cocaine. He pled not guilty. The trial court denied a pre-trial motion to suppress the evidence. Defendant was tried and convicted by a six-member jury on October 3, 1991. He was sentenced to serve five years at hard labor. On February 7, 1992 the court found him to be a multiple offender, vacated his original sentence and resentenced him to serve eight years at hard labor. Defendant appeals his conviction.
A review of the record for errors patent reveals there are none.
By his sole assignment of error, the defendant contends that the trial court erred by denying his motion to suppress the evidence. Specifically, he argues that the officers did not have reasonable suspicion to detain him and that at the time he abandoned the cocaine, a stop was imminent. He acknowledges that analysis of the situation under California v. Hodari D., 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991), would support the seizure of the cocaine because he had not yet been detained when he abandoned the cocaine.[1] He argues, however, that the evidence still should have been suppressed because a stop was imminent, and his right to privacy, as envisioned by Art. I, § 5 of the Louisiana Constitution, had been violated.
We agree with the defendant. Under the Louisiana Constitution, a seizure occurs when an officer displays a show of authority which would cause a reasonable person to believe that detention is imminent, regardless of whether physical force has been applied or whether the person has submitted to a show of authority. State v. Belton, 441 So.2d 1195 (La.1983) cert. denied 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984); State v. Hernandez, 410 So.2d 1381 (La.1982). When a seizure occurs without reasonable suspicion or probable cause, the person's right to privacy is violated, and any evidence retrieved subsequent to the unlawful seizure is inadmissible. Belton, at 1199; State v. Edwards, 530 So.2d 97 (La.App.4th Cir.1988), writ denied 533 So.2d 19 (La.1988).
We are of the opinion that Hodari D. has no application to this case. The officers had no reasonable suspicion to detain the defendant. There are significant differences between the protections provided individuals under the Louisiana Constitution as compared to either the U.S. Constitution or the California Constitution. Where the Louisiana Supreme Court has yet to pass on the constitutional muster of Hodari D., in light of these differing constitutional mandates, it is premature for the various circuits to apply it as if all prior jurisprudence had been overruled. Ignoring Hodari D., an application of the jurisprudence of this circuit, granting greater personal and privacy rights than the Federal Constitution, compels a finding that a stop was imminent, defendant's privacy rights were violated and the seizure was unlawful. The trial court erred in denying defendant's motion to suppress the evidence.
For the foregoing reasons the trial court's judgment is reversed and the case remanded for further proceedings.
REVERSED AND REMANDED.
ARMSTRONG, J., dissents with reasons.
*892 ARMSTRONG, Judge, dissents with reasons.
It has long been held that property cannot be seized legally if it was abandoned pursuant to an infringement of the person's property rights. However:
if ... property is abandoned without any prior unlawful intrusion into a citizen's right to be free from government interference, then such property may be lawfully seized. In such cases, there is no expectation of privacy and thus no violation of a person's custodial rights.
State v. Belton, 441 So.2d 1195, 1199 (La. 1983), cert. den. Belton v. Louisiana, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). See also State v. Andrishok, 434 So.2d 389 (La.1983); State v. Guy, 575 So.2d 429 (La.App.4th Cir.1991), writ den. 578 So.2d 930 (1991); State v. Smith, 573 So.2d 1233 (La.App.4th Cir.1991), writ den. 577 So.2d 48 (1991).
In the instant case, a reading of the transcripts of the suppression hearing and the trial does not conclusively show that a detention was imminent. The officers merely followed the defendant into the store. They exhibited no show of authority prior to the defendant's abandonment of the cocaine. Given these factors, it does not appear that the circumstances would show a violation of the defendant's rights.
NOTES
[1] In Hodari D., the Court held that there must be a physical "seizure" of a defendant in order to trigger a seizure as prohibited by the Fourth Amendment. Under Hodari D., when an officer attempts to detain a suspect by means which fall short of actual physical contact and the defendant abandons property without actually submitting to the officer's authority, there has been no "seizure" of the suspect within the meaning of the Fourth Amendment.