626 So.2d 720 (1993)
STATE of Louisiana,
v.
Clarence TUCKER.
Nos. 92-KO-2093, 92-K-2130.
Supreme Court of Louisiana.
October 18, 1993.
Rehearing Denied November 18, 1993.
Richard P. Ieyoub, Atty. Gen., Baton Rouge, Paul Carmouche, Dist. Atty., Catherine M. Estopinal, Powell A. Layton, Shreveport, for applicant.
Richard E. Hiller, John M. Lawrence, Shreveport, Robert S. Glass, New Orleans, for respondent.
Clarence Tucker, pro se.
KIMBALL, Justice[*].
On June 25, 1993 we granted rehearing in this matter[1] with the following order:
Rehearing granted. Counsel will be appointed for the defendant who has heretofore been unrepresented in this court after his appointed counsel was purportedly relieved of representation by the defendant. This case will be scheduled for reargument.
Following our reevaluation of this case as presented in brief and oral argument by the defendant's newly appointed counsel, we adopt our original opinion in this matter and reinstate it as the opinion on rehearing, 626 So.2d 707. Although we now reaffirm our original opinion in this matter, because of the *721 unusual procedural posture of this case, counsel will not be precluded from again seeking rehearing within the applicable time delay. Sup.Ct. Rule IX, § 5.
WATSON, J., concurs and assigns reasons.
CALOGERO, C.J., dissents for reasons given in dissent on original hearing.
DENNIS, J., dissents for the reasons assigned originally.
ORTIQUE, J., dissents.
WATSON, Justice concurring in reinstating the original opinion.
A suspect is not constitutionally "seized" if the suspect is still moving away from the authorities despite instructions to stop. Obviously Tucker initially felt free to walk away from the approaching officers because he did just that. Since Tucker threw down illegal substances while moving away from Officers Wilson and Jackson, and before he obeyed their instructions to halt and "prone out," he abandoned the drugs prior to seizure. As quoted in the majority opinion, "the defendant could not expect to carry contraband and drop it with impunity when he sees an approaching police officer." State v. Ryan, 358 So.2d 1274, 1276 (La.1978).
While the procedures employed in Operation Thor pose serious constitutional questions, the sad fact is that there are neighborhoods in our cities where police, encountering suspected drug persons, feel required to order "prone out" as a safety measure for themselves and others. Here the throw down appears to spring from the appearance of policenot from the order.
I respectfully concur.
NOTES
[*] Pursuant to Rule IV, Part 2, § 3, LEMMON, J., was not on the panel which heard and decided this case. See the footnote in State v. Barras, 615 So.2d 285 (La.1993).
[1] 1993 WL 174100 (La.)