WICKER, Judge.
Marvin Hamilton was charged by bill of information with possession of cocaine in violation of La.R.S. 40:967 C. After the trial judge denied Hamilton’s motion to suppress the evidence Hamilton entered into a plea of guilty as charged reserving his right to appeal the denial of the motion, pursuant to State v. Crosby, 338 So.2d 584 (La.1976). The trial judge sentenced Hamilton to two and one-half (2 — ½) years at hard labor to run concurrently with the sentence Hamilton was then serving for parole violation. He was given credit for time served. Hamilton now appeals urging as errors the denial of the motion to suppress, and any and all errors patent. We amend the minute entry and as amended affirm the conviction and sentence.
At the hearing on the motion to suppress, Officers Cantelli and Robinson of the Jefferson Parish Sheriffs Office testified to the following:
On the night of November 21, 1992 between 11:00 and 12:00, they were patrolling the South Causeway area in an unmarked car equipped with emergency dashboard flashers and a siren. As they approached the 1300 block of South Causeway, an area known for high narcotic activity, they observed a black male, later identified as the defendant, standing on the sidewalk where apparently there were no open businesses.
When the defendant noticed their slowly approaching vehicle which was neither flashing its lights nor sounding its siren, he became nervous and fidgety‘and the officers observed him drop from his right hand a matchbox which is “known for narcotics activity.” After immediately stopping their vehicle between 5 to 10 feet from the defendant, the officers exited and ordered the defendant to “Come over to our patrol car.” Instead, the defendant fled into a.nearby residential area.
Robinson pursued the defendant on foot while Cantelli retrieved the matchbox which contained crack cocaine. Cantelli returned to the vehicle and “proceeded after to set up a perimeter.” With the assistance of two other officers who happened to be in the vicinity, they subsequently found the defendant sitting on a back porch and apprehended him as he attempted to flee. He was then placed under arrest for possession of cocaine.
The defendant contends that the trial court erred in denying the motion to suppress in that the evidence was abandoned in response to a detention which was not justified by reasonable cause.
In California v. Hodari D., 499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991), the United States Supreme Court held that an *317 individual is not “seized” within the meaning of the Fourth Amendment until that individual either submits to the police show of authority or is physically contacted by the police. However, Article 1, Section 5 of the Louisiana Constitution also protects against “invasion of privacy.” Louisiana gives a “higher standard of individual liberty than that allowed by the jurisprudence interpreting the federal constitution.” State v. Church, 538 So.2d 993, 996 (La.1989). Because of the greater protection provided by Article 1, Section 5, in State v. Belton, 441 So.2d 1195 (1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984), the Louisiana Supreme Court found that an individual is “seized” -within the meaning of that provision when the individual is either “actually stopped” or when an “actual stop” of the individual is “imminent.”
In State v. Tucker, 619 So.2d 38 (La.1993), on rehearing, 626 So.2d 720 (La.1993) (opinion reinstated), the Louisiana Supreme Court adopted Hodari D., insofar as it defines when an “actual stop” of a citizen has occurred and held “that an individual has not been ‘actually stopped’ unless he submits to a police show of authority or he is physically contacted by the police.” Id. 619 So.2d at 43. The court further explained Id. at 44:
In determining whether an “actual stop” of an individual is “imminent,” we find that the focus must be on the degree of certainty that the individual will be “actually stopped” as a result of the police encounter. This degree of certainty may be ascertained by examining the extent of police force employed in attempting the stop. It is only when the police come upon an individual with such force that, regardless of the individual’s attempts to flee or elude the encounter, an actual stop of the individual is virtually certain, that an “actual stop” of the individual is “imminent.” Although non-exhaustive, the following facts may be useful in assessing the extent of police force employed and determining whether that force was virtually certain to result in an “actual stop” of the individual: (1) the proximity of the police in relation to the defendant at the outset of the encounter; (2) whether the individual has been surrounded by the police; (3) whether the police approached the individual with their weapons drawn; (4) whether the police and/or the individual are on foot or in motorized vehicles during the encounter; (5) the location and characteristics of the area where the encounter takes place; and (6) the number of police officers involved in the encounter, [footnotes omitted; emphasis in original].
Furthermore, when evidence is abandoned or otherwise disposed of prior to any unlawful intrusion into a citizen’s right to be free from governmental interference, then such property, may be lawfully seized. In such cases, there is no expectation of privacy and thus no violation of a person’s custodial rights. State v. Belton, supra.
When the defendant discarded the matchbox which contained cocaine he had not been “actually stopped” nor was an “actual stop imminent” considering that he abandoned the cocaine merely upon observing the slowly approaching vehicle which was neither flashing its lights or sounding its siren. Thus, no seizure had occurred at the time of the abandonment and the cocaine was lawfully seized having been abandoned prior to any unlawful intrusion.'
An error patent review reveals a discrepancy between the transcript and the Hard Labor Plea Sentencing Form. The sentencing transcript indicates the state would “double-bill” the defendant whereas the minute entry portion of the form reflects “State will not double bill defendant.” When there is a discrepancy between the minute entry and the transcript, the transcript prevails. State v. Lynch, 441 So.2d 732 (La.1983).
DECREE
For the foregoing reasons, the defendant’s conviction and sentence are affirmed. The minute entry portion of the Hard Labor Plea Sentencing Form is hereby amended to delete the prohibition against double-billing the defendant and the following words are ordered stricken: “State will not double-bill defendant.”

*318
AMENDED AND AS AMENDED, CONVICTION AND SENTENCE AFFIRMED.