633 So.2d 1208 (1994)
STATE of Louisiana
v.
Stanley BRITTON.
No. 93-K-1990.
Supreme Court of Louisiana.
January 27, 1994.
Richard P. Ieyoub, Atty. Gen., Harry F. Connick, Dist. Atty., Susan M. Erlanger, New Orleans, for applicant.
M. Craig Colwart, New Orleans, for respondent.
PER CURIAM.[*]
The defendant was charged by bill of information with simple possession of cocaine in violation of La.R.S. 40:967(C)(2). After trial by jury, he was found guilty as charged. The court thereafter sentenced the defendant as a multiple felony offender to eight years at hard labor. On appeal, the Fourth Circuit reversed the judgment of the district court denying the defendant's motion to suppress the evidence, the only assignment of error before it, and remanded the case for further proceedings on grounds that seizure of the contraband by the police had been illegal. State v. Britton, 621 So.2d 890 (La.App. 4th Cir.1993). We granted the state's application for review to consider the correctness of that ruling and now vacate the judgment of the court of appeal. The defendant discarded his contraband before a violation of La. Const. 1974, Art. I, § 5 occurred, and the police therefore remained free to seize the abandoned evidence without regard to the existence of probable cause for an arrest or reasonable suspicion for an investigatory stop.
The evidence at the hearing on the motion to suppress and at trial showed the following. At approximately 6:00 p.m. on the evening of April 22, 1990, police officers Thibodeaux and Williams, on routine patrol in a marked unit, observed several men kneeling and apparently shooting dice in front of a Spur Station located at the intersection of Newton and Whitney streets in New Orleans. The men spotted the cruiser and sprang to their feet. The defendant detached himself *1209 from the group and began walking hastily to the door of the station. The officers pulled their patrol unit up to the door and followed him inside. Thibodeaux took the lead and he was no more than one or two feet away when the defendant stopped, removed a packet containing several rocks of cocaine from his pants pocket, and placed it in a gum rack located at the back of the station. The defendant then moved over to a large walk-in cooler as if he were making a selection. Thibodeaux immediately retrieved the packet while Williams detained the defendant.
We need not decide here whether the officers had probable cause to arrest the defendant, based on their observation of the group of men outside the Spur station, before he discarded the packet of cocaine. It is settled that the police do not need probable cause to arrest or reasonable suspicion for an investigatory stop every time they approach a citizen in a public place. State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984); State v. Williams, 421 So.2d 874 (La. 1982); State v. Neyrey, 383 So.2d 1222 (La. 1980); State v. Shy, 373 So.2d 145 (La.1979). The police had the same right as any citizen to follow the defendant into the store, and they did not forcibly detain him, or make a show of their authority signalling that some form of official detention was imminent, until after he discarded the packet of cocaine. Compare State v. Chopin, 372 So.2d 1222 (La.1979). Property abandoned before any unlawful intrusion into a citizen's right of freedom from governmental interference may be lawfully seized by the police. State v. Andrishok, 434 So.2d 389 (La.1983); State v. Chopin, supra.
Accordingly, the judgment of the Fourth Circuit is reversed and the conviction and sentence of the defendant are affirmed.
JUDGMENT REVERSED: CONVICTION AND SENTENCE AFFIRMED.
ORTIQUE, J., dissents.
NOTES
[*] Watson, J., not on the panel. See Rule IV, Part 2, § 3.