664 So.2d 396 (1995)
STATE of Louisiana
v.
Edward FERRAND and Evelina Ellis.
No. 95-KK-1346.
Supreme Court of Louisiana.
December 8, 1995.
Lane Rutherford Trippe, New Orleans, for Applicant, Edward Ferrand.
Mark Daniel Nosaeka, Metairie, for Applicant, Evelina Ellis.
Richard P. Ieyoub, Attorney General, Harry F. Connick, District Attorney, Melanie Anne Talia, New Orleans, Michael J. Monistere, Metairie, for Respondent.
*397 PER CURIAM [*].
The state charged both defendants with possession of cocaine with intent to distribute in violation of La.Rev.Stat. 40:967, and also charged defendant Ferrand separately with a violation of La.Rev.Stat. 14:94, felon in possession of a firearm. After a hearing, the trial court granted the defendants' motion to suppress the evidence seized from defendant Ferrand's apartment. On the state's application, a divided panel of the court of appeal reversed. 95-0059 (La.App. 4th Cir. 4/26/95), 652 So.2d 1099.
We granted certiorari to consider whether the police, without knocking, requesting permission, or announcing their identity and purpose, may enter a private residence without a warrant and without probable cause and exigent circumstances, to investigate a person's non-threatening possession of a handgun on the porch of his own home.
Police officers received information from civilian sources that crack cocaine sales were occurring in the alley way of 1385 St. Bernard Avenue, an L-shaped building divided into several one-room apartments. The officers had made previous narcotics arrests at several of the apartments, but not at Ferrand's apartment, and the tip did not otherwise describe or target any particular individual. Upon arrival, one officer observed defendant Ferrand open the outside screen door to his apartment and walk with a gun in his hand onto the porch which ran alongside the apartments flanking the alley. The officer immediately signalled loudly over his police radio that he had observed the gun. Before the officer could ask him to stop, Ferrand turned, reopened the screen door, and walked back inside the residence, flipping the gun out of his hand to his right side as the door closed behind him.
The officer bounded up the steps of the porch, with two other officers following him, and rushed through the door without pausing or identifying himself. The officers found four persons in the apartment, including defendants Ferrand and Ellis. After Ferrand signed a consent to search form, the officers recovered the handgun from behind a couch, packets of cocaine from a bowl on top of a dresser, and additional packets of cocaine in one of the dresser drawers.
The officer freely conceded at the hearing that he did not have probable cause to arrest defendant Ferrand when he entered the home. The report of drug dealing in the alley way did not identify Ferrand by name or appearance; the alley way was deserted when the officers arrived before Ferrand walked out of his apartment and stood on the porch with the handgun approximately two feet away from his front door; and the officers were not aware at the time of Ferrand's convicted felon status. As the officer acknowledged, the public possession of an openly displayed handgun is not a crime in Louisiana and does not alone provide probable cause for an arrest. State v. Snoddy, 389 So.2d 377 (La.1980); State v. Bowen, 376 So.2d 147 (La.1979).
The officer's testimony also made clear that Ferrand did not flee after making eye contact, but walked back inside his apartment and immediately disarmed himself, as any law abiding citizen might when confronted with someone who is obviously a police officer despite his civilian clothing. Ferrand's conduct from the time the officer first spotted him until the time of his arrest was non-assaultive and entirely consistent with innocent pursuits. There was nothing to suggest that Ferrand had been or was engaged in the commission of any crime. State v. Moreno, 619 So.2d 62 (La.1993); State v. Belton, 441 So.2d 1195 (La.1983). Moreover, when they rushed across the threshold, the officers had no reason to suspect that anyone inside the apartment, including Ferrand, needed help, that any suspect was about to flee, or that any other course of action would create a grave risk of endangering their own lives. See Warden v. Hayden, 387 U.S. 294, 298-300, 87 S.Ct. 1642, 1646, 18 L.Ed.2d 782 (1967). Finally, the primary illegality of the entry tainted Ferrand's subsequent consent *398 to the search of his apartment moments later and required suppression of all of the evidence found in the home. State v. Raheem, 464 So.2d 293 (La.1985).
Accordingly, the judgment of the court of appeal is reversed, the ruling of the trial judge is reinstated, and this case is remanded to the district court for all further proceedings consistent with this opinion.
NOTES
[*] Judge Burrell J. Carter, Court of Appeal, First Circuit, sitting by assignment in the vacancy created by the resignation of Dennis, J. Marcus, J., not on panel. Rule IV, Part 2, § 3.