674 So.2d 425 (1996)
STATE of Louisiana
v.
Rickey R. LAIRD.
No. 95-KA-1082.
Court of Appeal of Louisiana, Fourth Circuit.
May 8, 1996.
*426 Harry F. Connick, District Attorney, Karen Godail Arena, Assistant District Attorney, New Orleans, for Appellee.
William Noland, Gregory K. Voigt, New Orleans, for Appellant.
Before BARRY, KLEES and BYRNES, JJ.
BYRNES, Judge.
When he entered a plea of guilty to possession of cocaine, the defendant Rickey R. Laird, Jr. reserved his right to appeal the trial court's denial of his motion to suppress *427 evidence pursuant to State v. Crosby, 338 So.2d 584 (La.1976). The trial court sentenced the defendant to two years suspended sentence and two years active probation, with the condition that he submit to drug testing, pay $167.50 court costs, and $500 to the Judicial Expense Fund. We affirm.
Officer Dwayne Scheuermann testified at the hearing on the motion to suppress that on January 10, 1994, at approximately 2:00 p.m., he and Chuck Husmeier, an agent of the Alcohol, Tobacco, and Firearms (ATF), were investigating a weapons violation by Kuwanda Smith of 268 North Robertson Street. Looking for a Smith and Wesson .9 mm handgun, the officers went to Ms. Smith's apartment and spoke to Ms. Smith's mother who told them that Ms. Smith was not at home. Kuwanda Smith reportedly was out looking for the gun to turn it over to the police. The investigators looked for Ms. Smith in the neighborhood and then returned to the apartment. As they approached, they saw Kuwanda Smith standing with the defendant near a flight of stairs. When the defendant saw the officers, he ran up the stairs to Kuwanda Smith's apartment. Believing that the defendant might have a weapon, Agent Husmeier chased the defendant up the stairs and followed the defendant into the apartment where he saw the defendant discard a white object near a refrigerator. After Agent Husmeier detained the defendant, Officer Scheuermann recovered the piece of plastic containing several rock-like objects which appeared to be cocaine and placed the defendant under arrest, advising him of his Miranda rights. The defendant first said he had no knowledge of the cocaine but then he admitted possessing it and discarding it.
On appeal the defendant contends that the officers did not have reasonable suspicion to stop him, and did not have sufficient information to justify entering the apartment without a warrant, and the seizure was illegal because the police did not have probable cause to arrest him. The State argues that the police were justified to enter the apartment without a warrant based on exigent circumstances and probable cause to arrest.
Probable cause to arrest exists when the facts and circumstances known to the officers and of which they have reasonably trustworthy information are sufficient to justify the belief by a man of ordinary caution that the suspect has committed or is committing a crime. State v. Roebuck, 530 So.2d 1242 (La.App. 4 Cir.1988), writs denied, 531 So.2d 764 (La.1988). Probable cause alone does not justify entry into an area otherwise protected by the United Constitution and Louisiana Constitution Art. 1, Sec. 5. The intrusion is justified if there is probable cause and exigent circumstances. The potential escape of a suspect, avoidance of a violent confrontation that could cause injury, and destruction of evidence have been held to constitute exigent circumstances. State v. Byas, 94-1999 (La.App. 4 Cir. 12/15/94), 648 So.2d 37. The defendant asserts that the officers had no information that linked him to the gun that was the object of the search. However, the following facts linked the defendant to the gun and led the police to believe that the defendant could be committing a crime: The defendant was standing with Ms. Smith who was reported to have the gun or was looking for the gun. The police could reasonably believe that the defendant may have had the gun, and Ms. Smith might be getting the gun from the defendant. The defendant ran when he saw the police. He ran into Ms. Smith's apartment, which further showed his association with Ms. Smith so that he might have the gun or have access to the gun in her apartment. Considering the totality of circumstances the officers had exigent circumstances to justify their entrance into Ms. Smith's apartment based on the potential escape of the suspect, and avoidance of a violent confrontation that could cause injury. Based on the information concerning the investigation of a weapons violation by Ms. Smith, the officers had reason to believe that the defendant may have been armed, either having the gun on him or having access to the gun in Ms. Smith's apartment. There was probable cause and exigent circumstances for the police to enter the apartment.
If property is abandoned without any prior unlawful intrusion into a citizen's right to be free from governmental interference, then such property may be lawfully *428 seized. State v. Britton, 93-1990 (La. 1/27/94), 633 So.2d 1208. In such a case, there is no expectation of privacy and, thus, no violation of a person's custodial rights. State v. Matthews, 94-2112 (La.App. 4 Cir. 4/26/95), 654 So.2d 868. For evidence to be seized under the plain view exception, "(1) there must be a prior justification for the intrusion into a protected area; (2) in the course of which the evidence is inadvertently discovered; and (3) where it is immediately apparent without close inspection that the items are evidence or contraband." State v. Taylor, 95-0271 (La.App. 4 Cir. 9/28/95), 662 So.2d 69.
The police pursued the defendant into Ms. Smith's apartment for their protection and the protection of another, Ms. Smith's mother, whom they had seen there shortly beforehand. The officers had probable cause and exigent circumstances to enter the apartment. Near the refrigerator, the defendant abandoned the piece of plastic, which contained white objects which appeared to be cocaine and was in plain view when it was seized. The trial court properly denied the defendant's motion to suppress the evidence.
Accordingly, the defendant's conviction and sentence are affirmed.
AFFIRMED.
BARRY, J., dissents with reasons.
BARRY, Judge, dissenting with reasons.
The majority erroneously concludes that there were probable cause and exigent circumstances to justify the officers' entry into Smith's apartment.
The fact that the defendant (whom the officers did not know and about whom the officers had received no information) was standing with Smith and then ran upstairs and into Smith's apartment as the officers approached does not constitute probable cause and exigent circumstances.
The officer and the ATF agent were investigating a possible weapons violation (9mm gun) by Smith; they had no information about the defendant. They did not have trustworthy facts and/or circumstances sufficient for a man of ordinary caution to believe that the defendant had committed or was committing a crime when he entered Smith's apartment.
The defendant was not being investigated; Smith was to be questioned about a handgun. There was no ongoing drug investigation. The officers did not see the defendant with a gun or drugs. The officers did not have probable cause to arrest when they went through the door into Smith's private residence without knocking, requesting permission, or announcing their identity. There were no exigent circumstances. The officers' entry into Smith's apartment was not justified. See State v. Ferrand, 95-1346 (La. 12/8/95), 664 So.2d 396.
The trial court erred by denying the defendant's motion to suppress the evidence. I would vacate the guilty plea and sentence.