| i BYRNES, Judge,
dissenting with reasons.
I respectfully dissent based on my conclusion that there was no actual or imminent actual stop at the time the defendant abandoned the evidence.
To determine whether an actual stop of an individual is imminent, the following factors may be useful in assessing the extent of police force employed and determining whether that force was virtually certain to result in an actual stop of an individual: (1) the proximity of the police in relation to the defendant at the outset of the encounter; (2) whether the individual has been surrounded by the police; (3) whether the police approached the individual with their weapons drawn; (4) whether the police and/or the individual are on foot or in motorized vehicles during the encounter; (5) the location and characteristics of the area where the encounter takes place; and (6) the number of police officers involved in the encounter. State v. Tucker, 626 So.2d 707, 712-713 (La.1993), opinion reinstated on rehearing by 626 So.2d 720 (La.1993).
In Tucker, id., acting on repeated complaints of drug-related activity, the police conducted a drug sweep in certain high-crime areas. The sweep began when approximately ten to twelve marked police vehicles carrying 20 to 30 officers converged. When two men noticed the approaching police cars, they quickly broke apart and began to leave. Officer Wilson stopped his car and began to get out while simultaneously ordering the two men to “halt” and “prone out.” |20ne man lay down immediately. The other, Tucker, moved several steps and tossed away a plastic bag. He then lay down. The Louisiana Supreme Court noted:
.... while the Fourth Amendment only protects individuals from “actual stops” by law enforcement officers, [California v.] Hodari D, [499 U.S. 621, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991)], our constitution also protects individuals from “imminent actual stops.” Therefore, it becomes incumbent upon us to now determine what constitutes an “actual stop” and an “imminent actual stop” as those terms were used in Belton.
... We agree with the United States Supreme Court, an “actual stop” of an individual has not occurred when a police officer yells “Halt!” at a fleeing form which continues to flee. Thus, we hold that an individual has not been “actually stopped” unless he submits to a police show of authority or he is physically contacted by the police.
Tucker, 626 So.2d at 712. [Emphasis added.]
The Louisiana Supreme Court stated that it “could not conclude an actual stop of Tucker was “virtually certain” to occur at the time he abandoned the evidence.” “Thus, at the time Tucker abandoned the marijuana he had not been unconstitutionally seized.” Id., 626 *663 So.2d at 713. The Supreme Court upheld Tucker’s conviction.
In State v. Ganier, 591 So.2d 1328 (La.App. 4 Cir.1991), police officers were patrolling a housing project in New Orleans known to be a center of drug trafficking. The defendant saw the officers, turned “suspiciously”, began to walk away slowly, and then began to run. The officers chased the defendant until he was apprehended. This court found that two factors were sufficient to justify a stop of the defendant: the area’s reputation for drug trafficking, and the suspicious actions of the defendant. This court noted:
13... Drug activity and crimes which it generates have become a major problem endangering innocent people and severely taxing police resources. Although an innocent individual who has nothing to hide from police might flee so that such flight would be irrational, the action of fleeing in itself is inherently suspicious and justifies an investigation by a police officer exercising common sense. This is not a case of a man merely standing on a street corner who is detained by the police simply because he is there.
State v. Ganier, 591 So.2d at 1330. [Emphasis added.]
In the present ease, there was no imminent actual stop of the defendant prior to his abandonment of the bag containing contraband in a drug trafficking area. Neither of the officers yelled for him to stop or halt. The defendant abruptly ran away before one police officer exited the patrol car and followed the defendant on foot, and the police car went ahead. They did not order the defendant to stop, and they did not draw guns before the defendant ran. Under the totality of circumstances I do not find that the police forcibly detained the defendant before he abandoned the bag containing contraband. When the defendant Cleveland Neal ran away, motioned as if he were trying to conceal something, and then threw down the bag of contraband, an actual stop of the defendant was not imminent at the time he abandoned the evidence. The police did not forcibly detain the defendant or make a show of authority signalling that some form of detention was imminent before the defendant ran.
If property is abandoned without any prior unlawful intrusion into a citizen’s right to be free from governmental interference, then such property may be lawfully seized. State v. Britton, 93-1990 (La.1/27/94), 633 So.2d 1208. In such cases, there is no expectation of privacy and, thus, no violation of a person’s custodial rights. State v. Andrishok, 434 So.2d 389 (La.1983). In the present Ucase there was no expectation of privacy and no violation of the defendant’s custodial rights so that the evidence was lawfully seized.
The trial court properly denied the defendant’s motion to suppress the evidence.