753 So.2d 296 (1999)
STATE of Louisiana
v.
Shawn R. DENNIS.
No. 98-KA-1016.
Court of Appeal of Louisiana, Fourth Circuit.
September 22, 1999.
*297 Harry F. Connick, District Attorney of Orleans Parish, Joseph E. Lucore, Assistant District Attorney, New Orleans, LA, Counsel for Plaintiff/Appellee.
Katherine M. Franks, Louisiana Appellate Project, Baton Rouge, LA, Counsel for Defendant/Appellant.
Court composed of Judge STEVEN R. PLOTKIN, Judge CHARLES R. JONES and Judge MIRIAM G. WALTZER.
WALTZER, Judge.

STATEMENT OF THE CASE
On 30 April 1997, appellant Shawn Dennis was charged by bill of information with the unlawful possession of crack cocaine, a controlled dangerous substance, within one thousand feet of a school, a violation of La. R.S. 40:981.3. On 16 July 1997, a jury found the appellant guilty as charged. On 3 October 1997, he was sentenced to serve three years at hard labor without benefit of parole, probation or suspension of sentence and fined five hundred dollars.

STATEMENT OF THE FACTS
New Orleans Police Department Officer Daniel Scanlan testified that on the afternoon *298 of 8 January 1997, members of the Third District Task Force of the New Orleans Police Department were on pro-active patrol in the Hollygrove area, known for high drug activity, in response to various complaints from citizens. Officers Gary Calico and Tony Mayfield were in one marked unit. Officers Scanlan, Robert Haar and Sergeant Chuck Little were in another.[1] All officers were in uniform.
According to plan, the two vehicles approached the corner of Hollygrove and Pear Streets simultaneously from different directions. When they did so, Officer Calico observed two subjects each holding a hand out to the other in what appeared to be a hand to hand transaction. When the defendant and the other subject noticed the marked vehicles, they walked quickly into the small food store near the corner. As they did so, Officer Calico radioed Officer Scanlan, whose unit was closer to the store. Officer Calico gave a brief clothing description of the defendant and told him to get the subjects.
Officers Scanlan and Haar entered the store a few feet behind the defendant. Officer Scanlan observed the defendant standing by the cereal rack holding a box of Lucky Charms cereal with his hand in the box. The defendant then removed his hand and put the box back on the shelf. While Officer Haar detained the defendant, Officer Scanlan retrieved the cereal box, which was replaced upside down on the shelf with the top torn open. Inside the box Officer Scanlan found, in addition to cereal, a plastic bag containing nineteen rocks of crack cocaine.
Officer William Giblin, an expert in the examination and identification of cocaine, testified that a sampling of the rocks tested positive for cocaine. Officer Dennis Delatte, an investigator for the District Attorney's Office, testified that he measured the distance from the subject store to the fence which borders the Bethune Elementary School and found it to be six hundred and nineteen feet.
Mr. Waldo Sears testified that the defendant came into the store with three or four other individuals, and the police came in a few seconds later. Sears testified that the defendant was not at the cereal rack when the officers came in. He further testified that the officers searched almost everyone in the store and did not go directly to the cereal rack. Sears noted that he was not searched because he was playing a video game when the officers came into the store. On cross-examination, Sears admitted that his attention was diverted from the defendant by the video game.

ERRORS PATENT REVIEW / THIRD ASSIGNMENT OF ERROR
A review of the record for errors patent indicates that there were none. However, appellant classifies his allegation at assignment three as a patent error. The appellant claims that the trial court denied him credit for time served, which credit is mandated by La.C.Cr.P. art. 880.
The Code currently provides that a defendant shall receive credit toward service of his sentence for time spent in actual custody prior to the imposition of sentence. In 1970 this article was amended to substitute "shall" for "may," so that the credit was no longer discretionary. In 1997, the article was amended to substitute "A defendant shall receive" for "The court, when it imposes sentence, shall give." According to the Official Revision Comment, this article "makes the credit for prior custody self-operating even on a silent record. It does not change the law."[2] Thus, although the sentencing transcript and minute *299 entry are silent on the issue, the appellant nevertheless shall receive the credit.
The commitment form provides that the appellant shall receive credit for time served. The trial court did not specify the dates for which credit should be granted, because the appellant was jailed for two different periods prior to trial, and the dates of those incarcerations are not available in the district court record. The custodian where the appellant was jailed provides those dates to the Department of Corrections. Thus, the commitment form signed by the trial court provides for credit for time served prior to trial, despite its failure to indicate the inclusive dates of the credit. If the Department of Corrections fails to give the appellant credit for all the time to which he is entitled by law, the appellant may pursue this claim by application for post conviction relief.
FIRST ASSIGNMENT OF ERROR:The trial court erred in not suppressing the crack cocaine evidence seized from the cereal box.
Appellant contends that the officers lacked probable cause or reasonable suspicion when they followed him into the store for the purpose of detaining him, and that the stop without reasonable cause was imminent when he abandoned the contraband.
As provided in La.C.Cr.P. art. 215.1:
A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.
Reasonable suspicion is something less than the probable cause required for an arrest, and the reviewing court must look to the facts and circumstances of each case to determine whether the detaining officer had sufficient facts within his knowledge to justify an infringement of the suspect's rights. State v. Jones, 483 So.2d 1207 (La.App. 4 Cir.1986), writ denied, 488 So.2d 197 (La.1986). An investigatory stop is a "seizure" that must be justified by some objective manifestation that the person is or is about to be involved in criminal activity. The detaining officers must have knowledge of specific, articulable facts which, if taken together with rational inferences from those facts, reasonably warrant the stop. State v. Vance, 93-1389 (La.App. 4 Cir. 2/25/94), 633 So.2d 819.
Flight, even to avoid apprehension, provides reasonable cause only where it is combined with other information indicating to the officer that the defendant's actions are not consistent with any innocent pursuit. State v. Hathaway, 411 So.2d 1074 (La.1982).
When a citizen is stopped without reasonable cause or when a stop without reasonable cause is imminent, the right to be left alone is violated and renders unlawful any resultant seizure of abandoned property. State v. Tucker, 626 So.2d 707 (La.1993), opinion reinstated on rehearing, 626 So.2d 720 (La.1993).
In the instant case, Officer Calico testified that he observed suspicious behavior by the defendant and another subject as they stood on the corner of the high crime area of Hollygrove and Pear. At the motion to suppress hearing, Officer Calico testified that he observed what he believed to be a hand to hand narcotics transaction. He admitted that he could not see the objects exchanged. When the defendant noticed the marked unit, he and the other subject immediately entered the nearby store. At that point, Officer Calico radioed Officer Scanlan to detain the subjects. He further testified that Officer Scanlan saw the defendant "manipulating the cereal box," and that the defendant then replaced the box upside down on the display rack.
During cross-examination, when defense counsel asked Officer Calico specific questions about what Officer Scanlan did, the trial court interrupted to note that such information from Officer Calico would be *300 merely speculative. The court further noted that Officer Scanlan's testimony would be necessary to clarify such matters. After a brief re-direct examination of Officer Calico, the hearing was recessed so that the defense would have an opportunity to question Officer Scanlan. As discussed in assignment two, defense counsel failed to appear at the continuation of the motion hearing, Officer Scanlan never testified at that hearing, and the motion to suppress evidence was denied.
At trial, Officer Calico was again questioned as to what suspicious activity he observed by the defendant on the date of the offense. He again testified that he observed what he believed to be a hand-to-hand transaction. He estimated his distance from the subjects during the transaction as forty or fifty feet, or the distance between the witness's chair and the back wall of the courtroom. He further testified that the subjects were facing each other and looking into each other's hands. The subjects then observed the police cars and went directly into the store.
Officer Calico's observation of the two subjects looking into each other's hands and the subjects' immediate entry into a nearby store upon noticing the police cars, in an area known for high drug activity, was sufficient for the officer to reasonably suspect that the subjects had engaged in an illegal narcotics transaction. Because the officers had reasonable cause to make the stop, property abandoned prior to the stop, whether imminent or not, was properly admitted.
Even if Officer Calico's observations were insufficient to justify an investigatory stop, the property was lawfully seized. See, State v. Britton, 93-1990 (La.1/27/94), 633 So.2d 1208.
The court in Britton noted that "the police do not need probable cause to arrest or reasonable suspicion for an investigatory stop every time they approach a citizen in a public place," citing State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984).
In the instant case, Officer Scanlan testified that he "got into the store right when he (the defendant) was putting the crack inside the Lucky Charms." As Officer Scanlan was the first officer to enter the store, the cocaine was thus abandoned before any show of authority or indication that the detention was imminent. In addition, once Officer Scanlan observed the defendant attempting to conceal something in a box, there is no doubt that there was reasonable suspicion to proceed with an investigatory stop. Thus, under the circumstances of this case, there was no error in the admission of the cocaine abandoned by the defendant.
SECOND ASSIGNMENT OF ERROR: Defendant was denied effective assistance of counsel.
The appellant contends that trial counsel's failure to appear at the continuation of the motion to suppress and further failure to re-open the hearing prevented the court from considering crucial testimony relative to the motion, and ultimately led to the denial of the motion. He suggests that pre-trial testimony from Officer Scanlan relative to the stop and arrest would have resulted in the suppression of the evidence.
Generally the issue of ineffective assistance of counsel is more properly addressed in an application for post conviction relief, filed in the trial court where a full evidentiary hearing can be conducted. State v. Prudholm, 446 So.2d 729 (La. 1984). Only if the record discloses sufficient evidence to rule on the merits of the claim do the interests of judicial economy justify consideration of the issues on appeal. State v. Ratcliff, 416 So.2d 528 (La. 1982).
The defendant's claim of ineffective assistance of counsel is to be assessed by the two part test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Fuller, 454 So.2d 119 *301 (La.1984). The defendant must show that counsel's performance was deficient and that the deficiency prejudiced the defendant. Counsel's performance is ineffective when it can be shown that he made errors so serious that counsel was not functioning as the "counsel" guaranteed to the defendant by the Sixth Amendment. Strickland, 466 U.S. at 686, 104 S.Ct. at 2064. Counsel's deficient performance will have prejudiced the defendant if he shows that the errors were so serious as to deprive him of a fair trial. To carry his burden, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Strickland, 466 U.S. at 693, 104 S.Ct. at 2068. The defendant must make both showings to prove that counsel was so ineffective as to require reversal. State v. Sparrow, 612 So.2d 191, 199 (La.App. 4 Cir.1992).
In the instant case the record on appeal is sufficient to determine the merits of this claim. Because the trial court found reasonable suspicion sufficient to justify the stop prior to the appellant's abandonment of the contraband, based on the observation of Officer Calico, the appellant was not prejudiced by counsel's failure to cross-examine Officer Scanlan at a pre-trial hearing.
As noted above, even had the officers lacked reasonable suspicion prior to their entry into the store, the issue relevant to abandoned property is whether or not the officers made a show of authority signalling that some form of official detention was imminent prior to the defendant's discard of the contraband. Officer Scanlan testified at trial that he observed the defendant with his hand in the cereal box immediately upon his entry into the store. Thus, his testimony at the pre-trial hearing would not have altered the result of the case.

CONCLUSION AND DECREE
Because we find no error patent and because appellant's assignments of error are without merit, his conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
JONES, J., CONCURS
JONES, J., concurring.
I agree that the conviction and sentence of Shawn R. Dennis should be affirmed. However, because I disagree with some of the legal conclusions of the majority, I write separately.
In particular, I disagree with the statement that "As Officer Scanlan was the first officer to enter the store, the cocaine was thus abandoned before any show of authority or indication that the detention was imminent." This statement is absolutely wrong.
The record clearly indicates that Officer Calico thought he observed a drug transaction between Dennis and another unknown male. Then, when the subjects observed the arrival of the marked police cars, they walked away. Officer Calico also testified that he radioed to Officer Scanlan, before Dennis entered the store, to get him. Thus, it is evident from the record that the officers had probable cause to stop Dennis under La.C.Cr.P. art. 215.1. In addition, the officers' intention to further investigate Dennis' possible illicit drug activity, makes it clear that detention was imminent.
While the majority is correct that Dennis' conviction and sentence should be affirmed, it is error to establish a rule, given this factual scenario, that "the detention was not imminent."
NOTES
[1] At the motion to suppress hearing, Officer Calico testified that he was in a marked vehicle but the other officers were in an unmarked vehicle. However, at trial Officer Scanlan testified that his vehicle was also marked. Officer Scanlan did not recall if Officer Calico's' vehicle was marked or unmarked.
[2] Since the amendment did not change the law, it is applied retroactively to the instant offense.