1 ARMSTRONG, Judge.
On December 11, 1998, the defendant was charged by bill of information with illegal possession of stolen property worth more than five hundred dollars; and, he entered a plea of not guilty.[1] The trial court denied the defendant’s motion to suppress the evidence on July 16, 1999; and, on August 10, 1999, the defendant entered a guilty plea under State v. Crosby, 338 So.2d 584 (La.1976). The defendant waived all delays and was sentenced to five years at hard labor. On the same date, the State filed a multiple bill to which the defendant entered a guilty plea. The trial court vacated the original sentence and resentenced defendant to five years at hard labor. The defendant now appeals raising one assignment of error.
Officer Charles Davis testified that on October 9, 1998, he and his partner were at the intersection of Magazine Street and Jackson Avenue when they saw a white van pull into the service station at that intersection. Two men exited the van and walked over to the cashier, but Davis stated that the men then walked back toward the van and then started walking down Magazine. Davis and his partner pursued the two men, whom he identified as the defendant and Christopher 12ColIins. Davis said that they first stopped Collins, who told them he had not been in the van; and, Davis further stated that the defendant told them that he was with his friend Darryl who was the one driving the van *96 and for whom he was looking. Davis testified that he had not seen a third party when the van stopped at the service station, and he decided to detain the defendant and Collins. After he placed them in the police car and took back them to the service station, he ran the license plate number of the van and determined that it had been stolen. Davis also saw that the steering column had been defeated and that there was a sawed-off shotgun, which was later determined to have an obliterated serial number, on the floor in plain view. He also noted that the van had only two seats.
On cross-examination, Davis stated that he and his partner were riverbound on Jackson and were stopped at the traffic light when they saw the van pull into the service station. He further stated that the van pulled up to the inner pumps on the Magazine Street side. Davis testified that when the traffic light changed, they went across and made a U-turn in the next block, and he admitted that he and his partner lost sight of the van. He could not recall if it was the defendant or Collins who was driving the van, but stated that he saw both the defendant and Collins exit the van while he was still stopped at the light.
A review of the record shows no errors patent.

ASSIGNMENT OF ERROR NO. 1

In his sole assignment of error, the defendant complains that the trial court erred in denying his motion to suppress the evidence. He argues that the officers did not have reasonable suspicion to stop and detain him based on what the officers were able to observe prior to the detention.
hA police officer has the right to detain briefly and interrogate a person when the officer has a reasonable articula-ble suspicion that the person is, has been, or is about to be engaged in criminal conduct. La.C.Cr.P. art. 215.1; Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Tucker, 626 So.2d 720 (La.1993). “Reasonable suspicion” is something less than probable cause, and the reviewing court must look to the facts and circumstances of each case to determine whether the detaining officer had sufficient facts within his knowledge to justify an infringement of an individual’s right to be free from governmental interference. State v. Robertson, 721 So.2d 1268 (La.1998). Mere suspicious activity is not a sufficient basis for police interference with an individual’s freedom. State v. Williams, 421 So.2d 874 (La.1982). However, the level of suspicion need not rise to the probable cause needed for a lawful arrest. State v. Huntley, 708 So.2d 1048 (La.1998). The detaining officer must have knowledge of specific, articulable facts, which if taken together with rational inferences from those facts, reasonably warrant the stop. State v. Dennis, 98-1016 (La.App. 4 Cir.9/22/99), 753 So.2d 296. The police do not have to observe what they know to be criminal behavior before investigating. State v. Benjamin, 722 So.2d 988 (La.1998). The totality of the circumstances must be considered in determining whether reasonable suspicion exists. State v. Belton, 441 So.2d 1195 (La.1983), cert. den., Belton v. Louisiana, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). An investigative stop must be justified by some objective manifestation that the person to be stopped is or is about to be engaged in criminal activity, or else there must be reasonable grounds to believe that the person is wanted for past criminal conduct. State v. Moreno, 619 So.2d 62 (La.1993). In reviewing the totality of the circumstances, the officer’s past experience, training, and common sense may be considered injjdetermining if his *97 inferences from the facts at hand were reasonable. State v. Cook, 99-0091 (La.App. 4 Cir. 5/5/99), 733 So.2d 1227.
In the instant case, defendant contends that Davis’ testimony was based more assumptions than on what he actually observed. The defendant asserts that the defendant’s walking away from the cashier without paying could have an innocent explanation such as that the defendant may have forgotten his wallet in the van. He also argues that it was possible that as the officers made the U-turn, an unseen third person got out of the van to pay the cashier and pumped which would explain why the defendant and Collins walked away from the cashier and the van itself.
In State v. Burton, 640 So.2d 342, writ den., 641 So.2d 203 (La.1994), the defendants were stopped for a traffic violation; and, the state trooper who stopped them testified that because the driver was exceptionally nervous, he decided to question the driver about his recent activities. Another state trooper arrived and questioned the passenger; and, because the stories given by the driver and the passenger were inconsistent, the troopers sought consent to search the vehicle. When the driver refused to sign the consent to search form, the troopers called for a canine unit and told the defendants that they were free to leave although the vehicle had to remain. The defendants stayed, and the canine unit arrived fifteen minutes later and gave a positive alert to the presence of drugs in the car. The troopers seized two kilos of cocaine and two handguns from the car. The defendants argued that the state trooper did not have sufficient reasonable suspicion to detain the vehicle after the stop for the traffic violation and the trooper’s telling them that they were free to go. The Third Circuit held that the trial court was correct in denying the motion to suppress the evidence filed by the | .^defendants because the trooper had reasonable suspicion to believe that the defendants were engaged in criminal activity and could therefore detain the vehicle after telling the defendants that they were free to go.[2]
We find no error in the trial court’s ruling denying the defendant’s motion to suppress the evidence. Based on what Officer Davis saw transpire at the service station and the inconsistent explanations given by the defendant and Collins, Officer Davis lawfully detained and questioned the defendant and his companion. Once Officer Davis ran the license plate of the van and determined that it was stolen, he had probable cause to arrest them for being in possession of stolen property.[3] This assignment of error is without merit.
For the foregoing reasons, the defendant’s conviction and sentence are affirmed.

AFFIRMED.

JONES, J., concurs in the result.

. Christopher Collins was also charged in the same bill of information with illegal possession of stolen property; and, on January 4, 1999, he entered a guilty plea.

. The defendants also asserted that the evidence should have been suppressed because there was no probable cause and there were no exigent circumstances that justified the warrantless search of the vehicle.

. The defendant does not assert that his being placed in the police car and taken back to the service station constituted an arrest.