782 So.2d 145 (2001)
STATE of Louisiana
v.
Manuel J. WILLIAMS.
No. 2000-KA-2116.
Court of Appeal of Louisiana, Fourth Circuit.
February 28, 2001.
*146 Harry F. Connick, District Attorney, Julie C. Tizzard, Assistant District Attorney, New Orleans, LA, Counsel for State of Louisiana.
William R. Campbell, Jr., Louisiana Appellate Project, New Orleans, LA, Counsel for Manuel Williams.
Court composed of Judge ARMSTRONG, Judge JONES, and Judge McKAY.
JONES, Judge.
Manuel J. Williams appeals his conviction and sentence for attempted possession of cocaine. We affirm.
Williams was arrested and charged with simple possession of cocaine. After reading the police report in this case, defense counsel withdrew any motions for preliminary hearing and discovery. Counsel did not move to suppress the evidence seized in this case. A six-person jury found Williams guilty of attempted simple possession. The State filed a multiple bill and Williams pled guilty to the bill. The court sentenced him as a second offender to serve twenty months at hard labor. This timely appeal follows.

FACTS
In the early evening of April 10, 2000, Police Officers Vincent Smith and Brian Firstly were on routine patrol in the Fifth District. They testified that as they approached the corner of Forstall and N. Johnson Streets, they noticed a pickup truck stopped in front of a grocery store located at the corner. The officers noticed three occupants of the truck: a male driver, a female passenger sitting in the middle, and a male passenger sitting next to the window. The officers also noticed another man standing outside the truck conversing with the male passenger. As the officers watched, they saw the male passenger give the pedestrian some currency and receive in exchange an unknown object. As the officers approached in their marked car, the man standing outside the truck fled around the corner, and the truck drove away. The officers followed the truck and stopped it a few blocks away. The officers ordered the occupants to exit the truck. The driver and the female passenger exited through the driver's door, while the male passenger, later identified as the Williams, exited from his door. As Williams got out of the truck, he turned his head and spit an object from his mouth to the ground. While one officer detained Williams, the other retrieved the object Williams spit from his mouth and found it to be a small rock of what was later determined to be crack cocaine. The officers arrested Williams but released the other two people after ascertaining that there were no outstanding warrants for either of them.
The parties stipulated that the rock seized from the ground was crack cocaine.
The defense called the driver, John Craft, who identified himself as Williams' cousin to testify. Craft's testimony went as follows: He picked up Williams and his girlfriend from the store and drove them to Williams' house a few blocks away; the officers stopped them as they pulled up to Williams' house; the officers ordered everyone out of the truck and Williams' girlfriend exited through the passenger door, not the driver's door; the officers started hassling Williams about his having drugs; he insisted no one approached the truck while it was outside the grocery store; and he did not see Williams spit out anything.
Shannon Press testified at trial that she was Williams' girlfriend. She stated she and Williams bought cigarettes from the grocery store and accepted a ride with *147 Craft. She stated that she noticed a police car going by as she was standing in front of the store, and that the car made a U-turn and followed the truck as it drove from the store. She testified she was sitting next to the passenger door, and Williams was seated in the middle. She insisted no one approached the truck or tried to sell them drugs. She stated she and Williams had exited the truck before the officers stopped them and told them they could not go inside Williams' house, ordering them instead to go to the police car and place their hands on it. She testified the officers accused Craft of having spit out some drugs. She also initially testified the officers also accused Williams of having swallowed some drugs, but she later denied this happened. She denied seeing Williams spit out anything.

ERRORS PATENT
A review of the record reveals no errors patent.

DISCUSSION
By his sole assignment of error, Williams contends his trial counsel was ineffective. Specifically, he argues counsel should have filed a motion to suppress the evidence because the evidence in this case was unlawfully seized.
This court has recognized that if an alleged error falls "within the ambit of trial strategy" it does not "establish ineffective assistance of counsel." State v. Bienemy, 483 So.2d 1105 (La.App. 4 Cir. 1986); see also State v. Addison, 94-1423 (La.App. 4 Cir. 11/13/96), 684 So.2d 477. Moreover, as "opinions may differ on the advisability of a tactic, hindsight is not the proper perspective for judging the competence of counsel's trial decisions. Neither may an attorney's level of representation be determined by whether a particular strategy is successful." State v. Brooks, 505 So.2d 714, 724 (La.1987).[1]
Here, Williams argues his counsel was ineffective because he did not file a motion to suppress the evidence. He contends that because the officers did not have reasonable suspicion to stop him, they could not lawfully seize any evidence he may have abandoned. He avers that had counsel moved to suppress the evidence, his motion would have been granted. Thus, he suffered prejudice by his counsel's failure to move to suppress the evidence. However, this claim has no merit because it appears the officers had reasonable suspicion to stop him prior to his abandonment of the cocaine.
The officer seized the rock after Williams abandoned it. It has long been held that property cannot be seized legally if it was abandoned pursuant to an infringement of the person's property rights. However:
if ... property is abandoned without any prior unlawful intrusion into a citizen's right to be free from government interference, then such property may be lawfully seized. In such cases, there is no expectation of privacy and thus no violation of a person's custodial rights.
State v. Belton, 441 So.2d 1195, 1199 (La. 1983)[2]. See also State v. Britton, 93-1990 (La.1/27/94), 633 So.2d 1208; State v. Tucker, 626 So.2d 707 (La.1993), opinion reaffirmed and reinstated on rehearing by 626 So.2d 720 (La.1993); State v. Dennis, 98-1016 (La.App. 4 Cir. 9/22/99), 753 So.2d 296; State v. Laird, 95-1082 (La.App. 4 Cir. 5/8/96), 674 So.2d 425. As noted by the Court in Britton: "the police do not need probable cause to arrest or reasonable suspicion for an investigatory stop *148 every time they approach a citizen in a public place." Britton, 93-1990 at p. 2, 633 So.2d at 1209.
Here, all parties agree that the allegation that Williams abandoned the cocaine after the officers stopped him. Thus, in order to lawfully seize the cocaine, the officers had to have reasonable suspicion to stop him.
Thus, considering the facts as found in this record, the police officers had a reasonable basis to stop Williams and to investigate whether they had witnessed a drug transaction. His subsequent abandonment of the rock was not the result of an unreasonable stop by police.
Williams argues that the officers' testimony concerning the actual exchange of objects differed so greatly that it was unclear that an illicit transaction had occurred. A reading of the officers' testimony, however, shows that each saw an exchange of Williams' money for an object; the only difference between the officers' testimony was whether the money was exchanged inside the truck's cab or right outside the window. In either case, the exchange was made, and the officers' testimony did not differ to the extent that it made their testimony unbelievable.
Williams also argues that the officers did not have reasonable suspicion because although they saw a suspected transaction, they did not have any information that he was involved in any drug activity. However, this prior knowledge was not necessary, especially given the added element of the flight of the suspected seller. In State v. Williams, 98-3059 (La.App. 4 Cir. 3/3/99), 729 So.2d 142, the officers were on patrol in an area known for drug activity. They saw the defendant and another man, both unknown to them, standing together. The defendant was looking at something in the other man's upturned palm. He had just reached into the other man's hand when he noticed the officers. The other man fled. Because the defendant remained behind, the officers detained and frisked him. Pursuant to the frisk, they found drugs. On review, this court upheld the stop, finding that the flight of the defendant's companion added to the action of showing something in a hand to another person gave the officers reasonable suspicion of criminal activity on the defendant's part.
The actions here, the suspected drug transaction and the other man's flight, gave the officers reasonable suspicion to stop the appellant. Therefore, they could lawfully seize the rock of cocaine he spit from his mouth when he exited the truck in response to their orders. Even if counsel had moved to suppress the evidence, such motion would have had no merit. Because Williams can show no prejudice from counsel's failure to move to suppress the evidence, his ineffective assistance of counsel claim fails.
Thus, for the foregoing reasons, the conviction and sentence of Manuel J. Williams is affirmed.
AFFIRMED.
NOTES
[1] Cert. denied Brooks v. Louisiana, 484 U.S. 947, 108 S.Ct. 337, 98 L.Ed.2d 363 (1987).
[2] Cert. denied Belton v. Louisiana, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984).