731 So.2d 389 (1999)
STATE of Louisiana
v.
Solomon JONES.
No. 97-KA-2217.
Court of Appeal of Louisiana, Fourth Circuit.
February 24, 1999.
*391 Harry F. Connick, District Attorney, Richard R. Pickens, II, Assistant District Attorney, New Orleans, Louisiana, Attorneys for Appellee.
Peggy J. Sullivan, Louisiana Appellate Project, West Monroe, Louisiana, Attorney for Appellant.
Court composed of Judge ROBERT J. KLEES, Judge MOON LANDRIEU, and Judge PATRICIA RIVET MURRAY.
LANDRIEU, Judge.
Defendant, Solomon J. Jones, was indicted by grand jury on two counts of possession with intent to distribute heroin, violations of La.Rev.Stat. 40:966(A)(1). The district court denied defendant's motions to suppress evidence and a statement and his motion to quash. A jury found him guilty of two counts of attempted possession with intent to distribute heroin. The court denied defendant's motions for post-verdict modification of the jury verdict and for new trial. On the same day, the court sentenced him to serve fifty years at hard labor without benefit of probation, parole, or suspension of sentence on each count, with the sentences to run concurrently. Thereafter, the district court adjudicated defendant a second felony offender, vacated the original sentences, and resentenced him to serve fifty years at hard labor without benefit of probation, parole, or suspension of sentence on each count, with the sentences to run concurrently.

FACTS
Detective Michael Harrison testified he was patrolling in the area of the St. Bernard Housing Development with his partner, Detective Gabrielle Favoroth. The officers, driving in an unmarked black Chevrolet Blazer and wearing plain clothes, were headed to 3700 Gibson Street, Apartment C. When they arrived at that location, Harrison observed defendant standing outside on the sidewalk in front of that address. Harrison exited the vehicle with his badge around his neck, and his gun and radio on his belt; he informed defendant they were making an investigatory stop. Defendant attempted to place an object into his mouth, but Harrison knocked it from his hand. The object was a plastic-wrapped "bundle" of what was deemed to be heroin. Defendant was placed under arrest and advised of his rights. From his person, the officers recovered a pager, $225.00 in currency and a wallet. Defendant was turned over to other officers on the scene.
Harrison and Favoroth left briefly and returned to the location to find that other officers had secured Apartment C. After a search warrant was obtained, the officers conducted a search of the apartment. Inside, they found two adult males, two children, the defendant's wife, and her sister, who had arrived after the arrest. These individuals were released. The defendant's wallet contained a Louisiana driver's license that listed his address as 1556 Paul Morphy Street, not 3700 Gibson *392 Street. The address listed on the arrest register was 1556 Paul Morphy Street.
Officer Joey Williams arrived at the residence after defendant was in custody, but he left to obtain a search warrant for Apartment C. After securing the warrant, but before his return, he notified the officers that they could begin a search. Other officers had recovered cash and contraband by the time Officer Williams returned, but he located a letter from a state agency addressed to defendant at the Gibson Street address. Another letter was addressed to defendant's wife at that address. Williams believed that defendant was residing at the Gibson Street apartment at the time of his arrest, but that he formerly lived on Paul Morphy Street. Williams said the inventory on the search warrant was made in his presence. The defendant told him that the approximately $3,000.00 seized from the residence were the proceeds from a lawsuit.
Detective Paul Toye participated in defendant's arrest. Toye stated that a narcotics dog alerted to a dresser. Inside, he found a camera case containing $3,043.00, a brown paper bag containing twenty-five foil packets, a white bottle containing fourteen packets, and a clear plastic bag containing two grams of white powder. While still in the apartment, defendant stated to Toye that the heroin in the apartment belonged to him and that his wife was not involved. The police did not seize any scales, packaging supplies, or "cutting materials," nor did they recover any syringes.
William Giblin, a criminalist, tested one plastic bag containing twenty-five foil packets, each containing a white powder that tested positive for heroin, one paper bag containing twenty-five foil packets each containing a white powder that tested positive for heroin, and one plastic white bottle containing fourteen foil packets each containing a white powder that tested positive for heroin. Giblin did not test the heroin for purity, nor did he test each of the sixty-four foil packets. Instead, pursuant to the lab's procedure, he tested six packetstwo from each groupand some of the white powder from the plastic bag. The total weight of the plastic bag, the foil, and the white powder, was less than eight grams.

ERRORS PATENT
A review of the record reveals one error patent.[1] The district court denied defendant's motion for new trial on June 20, 1997, and sentenced defendant that same day. La.Code Crim. Proc. art. 873 requires a twenty-four-hour delay between the denial of a motion for new trial and sentencing, unless the defendant waives such delay. There is no indication defendant waived the delay. This court has held that, where a defendant shows no prejudice and does not challenge his sentence on appeal, any error in failing to observe the twenty-four-hour delay is considered harmless. State v. Ward, 94-0490, pp. 7-8 (La.App. 4 Cir. 2/29/96), 670 So.2d 562, 566, writ denied, 97-0642 (La.9/19/97), 701 So.2d 165.
Though defendant challenges his sentence on grounds of excessiveness, he has failed to show any prejudice from the failure to observe the delay. Defendant's original sentence, imposed the same day the district court denied his motion for new trial, was set aside on June 24, 1997, when the defendant was adjudicated a habitual offender and sentenced under La. Rev.Stat. 15:529.1. Accordingly, defendant is not entitled to any relief as a result of this error.

ASSIGNMENTS OF ERROR NOS. 1 & 2
Defendant first claims the evidence was insufficient to support his conviction and, thus, the district court erred in denying his motion for post-verdict modification of the jury verdict, i.e., his motion for post-verdict judgment of acquittal.
*393 We review a claim of insufficient evidence under the familiar standard articulated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979): whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the offense proven beyond a reasonable doubt. State v. Rosiere, 488 So.2d 965 (La.1986).
To support a conviction for possession of a controlled dangerous substance with intent to distribute, the State must prove that the defendant knowingly and intentionally possessed the contraband and that he did so with the intent to distribute it. La.Rev.Stat. 40:967. Specific intent to distribute may be established by proving the circumstances surrounding the defendant's possession that give rise to a reasonable inference of intent to distribute. State v. Dickerson, 538 So.2d 1063 (La.App. 4 Cir.1989). Factual circumstances from which such intent can be inferred include: previous distribution by the defendant; the presence of paraphernalia for distribution; possession of an amount sufficient to create a presumption of intent to distribute; and packaging in a form usually associated with distribution rather than personal use. State v. Smith, 94-1502, pp. 3-4 (La.App. 4 Cir. 1/19/95), 649 So.2d 1078, 1081; State v. Hechavarria, 575 So.2d 444, 448 (La.App. 4 Cir. 1991).
Attempted possession of a controlled dangerous substance requires a showing that a defendant, having formed the intent to possess the drug for the purpose of distribution, does an act for the purpose of and tending directly toward the accomplishing of his object. La.Rev.Stat. 14:27.
Defendant claims the evidence was insufficient to sustain a conviction for attempted possession with intent to distribute heroin, only attempted possession.
Defendant was found in possession of twenty-five units of heroin packaged in one bundle on his person. Inside of defendant's apartment he possessed another bundle containing twenty-five units of heroin, a separate container with another fourteen units of heroin, and a plastic bag with more heroin. Given these quantities of heroin, the jury was not unreasonable in finding that the defendant had intended to distribute the heroin and that he had attempted to possess heroin with this intent. See State v. King, 95-1648 (La.App. 3 Cir. 10/9/96), 683 So.2d 1228 (evidence of thirty unwrapped rocks of cocaine in one package recovered from the defendant was by itself sufficient to support the element of intent to distribute). Consequently, we find the district court properly denied defendant's motion for post-verdict judgment of acquittal.

ASSIGNMENT OF ERROR NO. 3
By this assignment of error, defendant claims the district court erred in denying his motion to quash on the ground of double jeopardy. He argues the two counts of possession with intent to distribute heroin are based on a single offenseone continuous act of possession of heroin.
Article 1, § 15 of the Louisiana Constitution of 1974, and the Fifth and Fourteenth Amendments of the United States Constitution, prohibit placing a person in jeopardy twice for the same offense. See also La.Code Crim. Proc. art. 591.
Article 596 of the Louisiana Code of Criminal Procedure, in pertinent part, provides that double jeopardy exists in a second trial when the charge is "[b]ased on a part of a continuous offense for which the defendant was in jeopardy in the first trial."
When evaluating double jeopardy claims, Louisiana courts have recognized both the Blockburger test and the "same evidence" test; however, courts have mainly relied upon the "same evidence" test. See, e.g., State v. Vaughn, 431 So.2d 763 (La.1983). Nonetheless, the Louisiana Supreme Court has not adopted a "same *394 transaction" test, which would prohibit, on double jeopardy grounds, prosecution for different crimes committed during one sequential and continuing course of conduct. City of Baton Rouge v. Jackson, 310 So.2d 596, 598 (La.1975); State v. Gaines, 96-1850, p. 9 (La.App. 4 Cir. 1/29/97), 688 So.2d 679, 684, writ denied, 97-0510 (La.9/5/97), 700 So.2d 503. Consequently, an accused who commits separate and distinct offenses during the same criminal episode or transaction may be prosecuted and convicted for each offense without violating the prohibition against double jeopardy. State v. Nichols, 337 So.2d 1074, 1076-78 (La.1976); Gaines, supra, p. 9; 688 So.2d at 684.
In State v. Watson, 97-0353 (La.App. 4 Cir. 1/23/98), 706 So.2d 1044, writ denied, 98-0461 (La.6/26/98), 719 So.2d 1055, the defendant was arrested in Jefferson Parish for possession with intent to distribute cocaine that was found in his car. That same evening, more cocaine was seized from the defendant's apartment in Orleans Parish pursuant to a consensual search; the defendant was later arrested in Orleans Parish. After pleading guilty in Jefferson Parish to possession with intent to distribute cocaine, the defendant was charged in Orleans Parish with the same offense, relative to the cocaine seized from his apartment. The defendant filed a motion to quash on the ground of double jeopardy, arguing that his convictions were for one continuous offense.
This court found otherwise. It reasoned that the bill of information filed in Jefferson Parish specifically charged Watson with possession with intent to distribute eighty-eight grams of cocaine, the amount of the cocaine seized from his vehicle. The bill of information filed in Orleans Parish charged the defendant with possession with intent to distribute cocaine, with no amount listed. An Orleans Parish police report, however, listed the amount of cocaine as thirty-five grams, as did the application for the arrest warrant obtained in Orleans Parish. The State also indicated its intent to use thirty-five grams of cocaine as evidence in the Orleans Parish prosecution. Further, in the bill of particulars, the State indicated the offense was committed at the defendant's apartment in Algiers. This court concluded the Orleans Parish charge related only to the cocaine seized in Orleans Parish, while the Jefferson Parish charge related only to the cocaine seized in that parish. This court noted that double jeopardy would lie only if the Jefferson Parish prosecution had included the cocaine seized in Orleans Parish.
In State v. Caballero, 472 So.2d 85 (La.App. 5 Cir.1985), the defendant was arrested in Orleans Parish for possession with intent to distribute 7,000 methaqualone tablets found in his car. Pursuant to a consensual search, the police seized 24,000 methaqualone tablets from the defendant's Jefferson Parish home. The defendant pleaded guilty as charged to possession with intent to distribute methaqualone in Orleans Parish in October of 1983. In April of 1984, the defendant was indicted in Jefferson Parish for possession of methaqualone with intent to distribute. He filed a motion to quash, urging double jeopardy. It was stipulated that the methaqualone tablets found in Orleans Parish were part of, and taken from, the cache of drugs found in the Jefferson Parish residence. The defendant argued that his conviction in Orleans Parish was for one continuous course of conduct, which involved the simultaneous possession throughout the two parishes of two caches of an original source of methaqualone tablets. This court found that the prosecutions in the respective parishes were based on separate acts of possession with intent to distribute methaqualone perpetrated in each parish.
In City of Baton Rouge v. Ross, 94-0695, p. 16 n. 13 (La.4/28/95), 654 So.2d 1311, 1321 n. 13, the Supreme Court defined a "continuous offense" as "a continuous, unlawful act or series of acts set in motion by a single impulse and operated *395 by uninterrupted force." The Court opined that a "continuous offense," which involves a single criminal "impulse," might produce criminal consequences over a long period of time. Id. The Court noted as an example that possession of stolen goods over several months must be distinguished from the situation wherein a number of offenses are committed in the course of a single transaction, such as aggravated battery during a kidnapping. Id. For the former, the Court reasoned, only one single offense, regardless of its duration, may be prosecuted; for the latter, Article 596(2) is inappropriate and does not alone bar a prosecution for each distinct "offense" perpetrated in the single transaction. Id.
In the instant case, defendant is essentially making the same argument rejected in Watson and Caballerohe claims he was committing one continuous offense that involved the simultaneous possession of heroin on his person and inside his apartment. However, as in Watson and Caballero, defendant in fact was committing two separate offenses. While the bill of information charging the two counts of possession with intent to distribute heroin does not specifically refer to possession of the heroin that was found on his person and possession of the heroin found in his apartment, each charge in the indictment was based on different and distinct acts by defendant. Detective Toye identified the twenty-five units of heroin found on defendant's person when he was arrested outside his apartment building. Toye also identified the brown paper bag found on the dresser in defendant's apartment; this bag contained fourteen units of heroin in a bottle, twenty-five units of heroin in a bundle, and a clear plastic bag containing two grams of heroin. Each conviction for attempted possession with intent to distribute heroin was clearly based on two separate offenses, not one continuous offense. Accordingly, prosecution for the two offenses in the same proceeding was not prohibited by the double jeopardy clause.

ASSIGNMENT OF ERROR NO. 4
By this assignment of error, defendant claims the district court erred in denying his motion to suppress the evidence seized from his person and apartment and his statement given to police. Defendant's sole argument is that his initial arrest outside of his apartment was without probable cause and, thus, all evidence seized, as well as the statement made by defendant, were fruits of that illegal arrest and should have been suppressed.
On trial of a motion to suppress, the State has the burden of proving the admissibility of any evidence seized without a warrant. La.Code Crim. Proc. art. 703(D); State v. Barrett, 95-2613, p. 8 (La.App. 1 Cir. 11/8/96), 683 So.2d 331, 337. A district court's ruling on a motion to suppress the evidence based upon findings of fact is entitled to great weight, because the district court had the opportunity to observe the witnesses and weigh the credibility of their testimony. State v. Aucoin, 613 So.2d 206, 209 (La.App. 1 Cir.1992).
The initial police contact with defendant occurred outside of his apartment in what Detective Harrison said was an investigatory stop. A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense. La.Code Crim. Proc. art. 215.1. "Reasonable suspicion" for an investigatory stop is something less than the probable cause justifying an arrest, and the reviewing court must look to the facts and circumstances of each case to determine whether the detaining officer had sufficient articulable facts within his knowledge to justify an infringement of the suspect's rights. State v. Short, 96-1069, p. 3 (La.App. 4 Cir. 5/7/97), 694 So.2d 549, 551-52.
In the instant case, an informant working with police purportedly telephoned defendant to arrange the purchase *396 of a bundle of heroin outside of his apartment. The informant had provided information resulting in at least one previous arrest and had personally obtained heroin from defendant in the past. The informant told defendant he would be driving a black Chevrolet Blazer. Police officers confirmed to Detective Harrison that defendant had exited his apartment, corroborating information provided by the informant. As Detectives Harrison and Favoroth drove up in a black Chevrolet Blazer to the location where defendant was standing, defendant waived the officers to a stop. Harrison recognized defendant as the person who the informant said was supposed to deliver a bundle of heroin to the occupant of the Blazer. This, too, corroborated the informant's information to the extent that the defendant was obviously expecting the black Blazer. At that point, Harrison had sufficient articulable facts within his knowledge to give rise to a reasonable suspicion that defendant was committing or about to commit an offense. Thus, the officers were justified in conducting an investigatory stop.
When Harrison exited his vehicle, defendant attempted to dispose of what the officer reasonably assumed to be contraband evidence of the criminal offense the officers suspected him of committing or about to commit. Harrison prevented defendant from putting an object into his mouth, an object that turned out to be a bundle of heroin. The officers then had probable cause to arrest defendant for possession with intent to distribute heroin. Because the heroin was lawfully seized from defendant, the district court properly denied the motion to suppress evidence.
The State has the burden of proving the admissibility of an inculpatory statement at a motion to suppress hearing. La.Code Crim. Proc. art. 703(D); State v. Hohn, 95-2612, p. 3 (La.App. 4 Cir. 1/19/96), 668 So.2d 454, 456. Before a statement or confession can be admitted into evidence, it must be shown that it was made freely and voluntarily and not under the influence of fear, duress, intimidation, menace, threats, inducements or promises. La.Rev.Stat. 15:451. State v. Sepulvado, 93-2692, p. 4 (La.4/8/96), 672 So.2d 158, 163; State v. Hohn, supra. "The testimony of police officers alone can be sufficient to prove the defendant's statements were freely and voluntarily given." State v. Gibson, 93-0305, p. 7 (La.App. 4 Cir. 10/13/94), 644 So.2d 1093, 1097. In determining the voluntariness of a statement, the district court must review the totality of the circumstances. State v. Sepulvado, supra. A district court's determination as to the admissibility of a statement is within the discretion of the district court; its decision will not be disturbed unless unsupported by the evidence. State v. Tart, 93-0772. p. 23 (La.2/9/96), 672 So.2d 116, 126; State v. Samuels, 94-1408, p. 7 (La. App. 4 Cir. 6/7/95), 657 So.2d 562, 566.
In the instant case, Detective Toye testified that defendant spontaneously blurted out that the heroin in the apartment belonged to him after he was advised of his rights. Detective Harrison had also previously advised defendant of his rights. Defendant made the statement to exonerate his wife. Based on that statement, police did not arrest defendant's wife. There is nothing to suggest that defendant's statement was not free and voluntary. Therefore, the district court properly denied the motion to suppress the statement.

ASSIGNMENT OF ERROR NO. 5
By this assignment of error, defendant argues that the district court erred in instructing the jury on the distinction between attempted possession with intent to distribute heroin and possession with intent to distribute heroin.
A jury charge must be considered as a whole, and particular expressions in a charge must be construed in context of the entire charge. A conviction will not be reversed on the ground of an erroneous *397 charge unless the disputed portion, when considered in connection with the remainder of the charge, is erroneous and prejudicial. The standard to be used when considering an allegedly improper jury instruction is whether there is reasonable likelihood that the jury applied the challenged instruction in an unconstitutional manner. State v. Smith, 91-0749 (La.5/23/94), 637 So.2d 398.
State v. Shaw, 27,892, p. 9 (La.App. 2 Cir. 4/3/96), 672 So.2d 237, 244.
After initial instruction, the jury retired to deliberate. The jury later had a question concerning the distinction between attempted possession with intent to distribute heroin and possession with intent to distribute heroin. The jury was returned to the courtroom, where the court proceeded to instruct it on that distinction. The district court's instructions to the jury in this regard comprise six pages of the trial transcript. Defendant argues it is not clear from the instructions that to be guilty of attempted possession with the intent to distribute drugs a person must do more than possess drugs. The offender is required to have specific intent to distribute any drugs he possessed or attempted to possess to be guilty of the verdict returned by the jury.
Defendant's claim is without merit. The court's instructions, taken as a whole, correctly informed the jury that to convict of attempted possession with intent to distribute heroin, it had to find that defendant had specifically intended to distribute any drugs he possessed or attempted to possess.

ASSIGNMENT OF ERROR NO. 6
By this assignment of error, defendant argues the district court erred in failing to grant his motion for new trial based on La.Code Crim. Proc. art. 851(1), (2) and (5).
La.Code Crim. Proc. art. 851 provides that the court shall grant a new trial whenever:
(1) The verdict is contrary to the law and the evidence;
(2) The court's ruling on a written motion, or an objection made during the proceedings, shows prejudicial error;
* * *
(5) The court is of the opinion that the ends of justice would be served by the granting of a new trial, although the defendant may not be entitled to a new trial as a matter of strict legal right.
Because, as we have found, the evidence was constitutionally sufficient to support both convictions, the verdicts are not contrary to the law and the evidence.
Defendant argues that the erroneous and prejudicial ruling by the district court denying his motion to quash the indictment and the erroneous jury instruction mandate a new trial, presumably under art. 851(2). However, as discussed above, there was no error either in the district court's denial of the motion to quash or in its jury instructions. Accordingly, defendant is not entitled to a new trial.
Defendant also claims the ends of justice were not served in this case because of the erroneous jury instructions, double jeopardy, the failure to grant the motion to suppress, and insufficient evidence. This claim has no merit; consequently, defendant was not entitled to a new trial under art. 851(5).
This assignment of error is without merit.

ASSIGNMENTS OF ERROR NOS. 7 & 8
By these assignments of error, defendant argues that his sentence was constitutionally excessive and that the district court erred in denying his motion to reconsider sentence.
Defendant was sentenced as a second felony habitual offender under La.Rev. Stat. 15:529.1(A)(1)(a) to serve two concurrent sentences of fifty years at hard labor *398 with no benefit of parole, probation or suspension of sentence.
Defendant was convicted on two counts of attempted possession with intent to distribute heroin. As a second felony offender convicted of attempted possession with intent to distribute heroin, he was subject to a possible sentence on each count of not less than twenty-five years but not more than one hundred years. La.Rev.Stat. 40:979(B); La.Rev.Stat. 15:529.1(A)(1)(a).
Defendant claims the district court failed to articulate any aggravating or mitigating factors under La.Code Crim. Proc. art. 894.1 or indicate that it had considered the guidelines. In originally sentencing defendant, however, the district court noted that he was convicted for the instant offenses of attempted possession with intent to distribute heroin. The court also observed that defendant in a prior case had been arrested and charged with distribution of heroin and possession with intent to distribute cocaine, but he was found guilty after trial of the lesser offenses of possession of heroin and possession of cocaine. The court also noted that defendant had been charged as a habitual offender in the instant case. The defendant has not directed our attention to the existence of mitigating factors that the district court should have considered.
Even in the absence of full compliance with the mandate of La.Code Crim. Proc. art. 894.1, the reviewing court need not remand the matter for resentencing in compliance with the article "when the sentence imposed is not apparently severe in relation to the particular offender or the actual offense committed." State v. Davis, 448 So.2d 645, 653 (La.1984); see also State v. Jones, 381 So.2d 416, 418-19 (La. 1980).
Here, the defendant's concurrent sentences of fifty years at hard labor as a second felony offender are not apparently severe. The sentences fall in the lower part of the possible sentencing range of twenty-five to one hundred years; therefore, the sentences are not the maximum or near-maximum sentences warranted only for the most serious of offenders. Furthermore, as the district court noted at the original sentencing, the defendant was previously convicted of two drug offenses. Though he was charged with distribution of heroin and possession of cocaine with intent to distribute, the defendant was convicted of the lesser offenses of possession of heroin and possession of cocaine. Before imposing the sentences, then, the sentencing judge was well aware of the defendant's history of involvement with illicit drugs. For these reasons, we conclude the sentences imposed are not apparently severe in relation to this defendant or these offenses and, therefore, remand to the district court for resentencing is not required.
For the reasons set forth above, the defendant's convictions and sentences are affirmed.
AFFIRMED.
KLEES, J., CONCURS IN PART AND DISSENTS IN PART.
KLEES, J., concurring in part and dissenting in part.
I concur in the majority opinion insofar as it affirms defendant's conviction. However, I disagree with the majority's decision to affirm defendant's sentence.
Defendant contends on appeal that the trial court failed to comply with the guidelines set forth in La.C.Cr.P. art. 894.1 and that the sentence imposed was constitutionally excessive.
Defendant was convicted of two counts of attempted possession with intent to distribute heroin and was sentenced as a habitual offender to two concurrent sentences of fifty years at hard labor. In sentencing defendant on the original conviction, the trial court mentioned defendant's conviction and his two prior arrests, and further noted that he had been charged as a habitual offender. No other factors were mentioned by the trial court. *399 In vacating the original sentence and sentencing defendant as a habitual offender, the trial court pronounced the sentence without mentioning any factors at all.
A trial court's failure to adequately comply with the sentencing guidelines is reversible error requiring resentencing only when the reviewing court is unable to discern the basis upon which a sentence was imposed, and thus, cannot determine its appropriateness in view of the circumstances of the offense and the character of the offender. State v. Brumfield, 496 So.2d 425, 427 (La.App. 4th Cir. 1986), writ denied, 503 So.2d 13 (La.1987).
Under the circumstances presented here, I believe that the trial court failed to adequately consider the guidelines of art. 894.1. A simple recitation of a defendant's criminal historytwo arrests followed by two convictions on lesser included offenses without some indication that at least one additional factor was considered by the trial court, is not sufficient to comply with the requirements of the statutory sentencing guidelines. The record fails to show upon what basis the sentence was imposed, and this court therefore cannot determine the appropriateness of the sentence. Accordingly, I would vacate the sentence and remand for resentencing in compliance with La.C.Cr.P. art. 894.1.
NOTES
[1] Failure to advise a defendant at sentencing of his right to seek post-conviction relief, as set forth in La.Code Crim. Proc. art. 930.8, is not error patent. State v. Guy, 95-0899 (La. App. 4 Cir. 1/31/96), 669 So.2d 517, writ denied, 96-0388 (La.9/13/96), 679 So.2d 102.