[ .BYRNES, Judge.
Defendant Gwendolyn F. Samuel pled not guilty to charges of possession of cocaine, a violation of La. R.S. 40:967(C), and simple escape, a violation of La. R.S. 14:110. On April 6, 1998, the trial court conducted a motion to suppress hearing. On June 4, 1998, the trial court denied defendant’s motion to suppress. That same date defendant withdrew her prior not guilty pleas, and pleaded guilty as charged to both counts, reserving her right to appeal the trial court’s denial of her motion to suppress pursuant to State v. Crosby, 338 So.2d 584 (La.1976). Defendant waived all legal delays and was sentenced to fifteen days in parish prison on count one, and thirty months at hard labor on count two. The State filed a habitual offender bill of information, and defendant admitted to having been previously convicted of a specific felony offense. Defendant waived all legal delays, and the trial court vacated and set aside the original sentence imposed in count two, and sentenced defendant to thirty months at hard labor, to run concurrent with the sentence imposed in count one. Defendant appealed. We affirm.

laFACTS

New Orleans Police Officer Harry O’Neal testified that, on December 3, 1997, he and his partner, in uniform and driving in a marked police car, observed several individuals, including defendant, standing on Hickory Street between Joliet *834 and Leonidas Streets. As the officers proceeded up the street, Officer O’Neal noticed defendant attempting to hand an object to a male. When the individuals observed the approaching police car, the male held up his hands and attempted to walk away from defendant. At that point, defendant dropped the object. Officer O’Neal retrieved the object, which turned out to be a coin purse. He opened it to find a glass crack pipe and a tinfoil-wrapped rock of crack cocaine. Defendant was advised that she was under arrest, and was handcuffed. While the officers were questioning the male to whom defendant had attempted to hand the object, defendant disengaged, her left arm from the handcuff and ran. Officer O’Neal apprehended defendant, but she bit his leg and refused to let go. Officer O’Neal punched defendant several times in the face, and sprayed her with pepper spray. She released her bite, and then ran away again. Officer O’Neal caught defendant a second time. After he sprayed defendant again with pepper spray, and other officers assisted, defendant was shackled and placed in a police car.
On cross-examination, Officer O’Neal acknowledged that he observed defendant go to hand “what appeared to be a coin purse to the other one.” He admitted the other individual was never arrested. Officer O’Neal agreed with the police report which stated that: “The male raised his hands and took a step back refusing to take the object [defendant] attempted to hand to him, and it dropped from [defendant’s hand.” He said he got to the scene within seconds after |3defendant dropped the purse, but said she made no effort to retrieve it. He also said she made no effort to flee until after she was handcuffed.

ERRORS PATENT

A review of the record reveals no errors patent.

ASSIGNMENT OF ERROR

In defendant’s sole assignment of error, she claims the trial court erred in denying her motion to suppress the evidence
On trial of a motion to suppress, the State has the burden of proving the admissibility of all evidence seized without a warrant. La.C.Cr.P. art. 703(D); State v. Jones, 97-2217, p. 10 (La.App. 4 Cir. 2/24/99), 731 So.2d 389, 395. A trial court’s ruling on a motion to suppress the evidence is entitled to great weight, because the district court had the opportunity to observe the witnesses and weigh the credibility of their testimony. Jones, supra.
The Fourth Amendment to the United States Constitution and Article 1, Sec. 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. Searches and seizures outside the judicial process, without prior approval by a judge or magistrate, are per se unreasonable under the Fourth Amendment, subject only to a few specifically established and well delineated exceptions.
State v. Stan, 97-2195, p. 5 (La.App. 4 Cir. 10/29/97), 703 So.2d 83, 85, writ denied, 97-2852 (La.2/18/98), 709 So.2d 762, quoting State v. Basile, 97-1192 (La.App. 4 Cir. 9/24/97), 700 So.2d 1062, writ den. 97-2503 (La.12/19/97); 706 So.2d 455.
Defendant’s sole argument is that the evidence was not lawfully seized as abandoned property.
In State v. Bradford, 98-1428 (La.App. 4 Cir. 12/9/98), 729 So.2d 1049, this court commented on the abandoned property exception to the search warrant requirement as follows:
Evidence can be lawfully seized pursuant to the “abandoned evidence” exception to the warrant requirement. It has long been held that property cannot be seized legally if it was abandoned pursuant to an infringement of the person’s property rights. However:
[i]f ... property is abandoned without any prior unlawful intrusion into a citizen’s right to be free from government interference, then such property *835 may be lawfully seized. In such cases, there is no expectation of privacy and thus no violation of a person’s custodial rights.
State v. Belton, 441 So.2d 1195, 1199 (La.1983), cert. denied, Belton v. Louisiana, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). See also, State v. Britton, 93-1990 (La.1/27/94), 633 So.2d 1208; State v. Tucker, 626 So.2d 707(La.), opinion reaffirmed and reinstated on rehearing, 626 So.2d 720 (La.1993); State v. Laird, 95-1082 (La.App. 4 Cir. 5/8/96), 674 So.2d 425.
98-1428 at p. 6, 729 So.2d at 1052.
In the instant case, Officer O’Neal testified that he and his partner were simply patrolling, when he observed defendant drop an object. Officer O’Neal said the officers then stopped the car, and he exited, approached defendant, and retrieved the object, a coin purse, which was at her feet. The evidence establishes that police made no move toward defendant prior to the moment defendant dropped the coin purse. Thus, the property was already on the ground prior to any showing of authority by police, or any intrusion into defendant’s right to be free from government interference. See State v. Fleming, 84-0078 (La.App. 1 Cir. 10/9/84); 457 So.2d 1232, writ den. 462 So.2d 191 (La.1984). If the property was abandoned, Officer O’Neal lawfully seized it.
Defendant argues that the State failed to prove that she abandoned the purse, as opposed to only dropping it, never intending to abandon it.
| ROfficer O’Neal said defendant was among several individuals standing on the street. He said defendant was attempting to hand something to another individual, when “the individuals observed the approaching police car.” At that moment, the individual to whom defendant was attempting to hand the contraband, being one of the individuals who had observed the police car, suddenly withdrew his hands, resulting in defendant dropping the coin purse to the ground. We necessarily infer that when Officer O’Neal testified that “the individuals” observed the police car, that as the defendant was one of the individuals to whom he referred, that he was, in effect, testifying that the defendant observed the police car:
Myself and Sergeant Tammy LeBlanc while dressed in NOPD marked clothing and manning a marked police vehicle, were on Hickory Street between Joliet and Leonidas proceeding toward Leonidas. At that time on the lakeside of the street we observed several subjects. One of which was Miss Samuel. As we proceeded up the street, we observed Miss Samuel attempting to hand another male subject an object. However, the individuals observed the approaching police car. The male held up his hands and attempted to walk away from Miss Samuel. At. that point Miss Samuel dropped the object. We stopped the police car. I retrieved the object. [On cross examination, Officer O’Neal testified that this process took two or three seconds.] It turned out to be a coin purse, and at the time found a glass crack pipe as well as a piece of tinfoil and in that tinfoil was a plastic bag of white material which I recognized as cocaine.
Had the defendant not intended to abandon the purse, she could be expected to reflexively reach down to retrieve it as soon as it was dropped. Defendant did not attempt to flee at this point as is typical of many abandonment cases,' but she made no move to retrieve the coin purse after dropping it. The defendant contends that the purse did not remain on the ground long enough to prove abandonment.
LTo determine whether there is aban- ■ donment in the fourth amendment sense, the district court must focus on the intent of the person who is alleged to have abandoned ... the object.
U.S. v. Thomas, 864 F.2d 843, 846 (D.C.Cir.1989).
*836 Where the abandonment has occurred prior to the time that Gwendolyn Samuel’s purse was searched, the officer did not need probable cause to search it. Indeed, in the instant case no private space was invaded. The purse was abandoned on the public right of way. The defendant was neither stopped nor searched. Neither her home nor her vehicle was invaded. Her mail was not removed from her mailbox and opened. Her phones were not tapped. None of the classic forms of official intrusion or harassment that the Fourth Amendment was designed to prevent have occurred in this case. However:
We recognize that there are many circumstances where the mere act of setting down a bag would not constitute abandonment. The law obviously does not insist that a person assertively clutch an object in order to retain the protection of the fourth amendment. Id.
But we note that the actions of the defendant in the instant case and the person to whom she had been talking bear no resemblance to the woman who for example may momentarily put her purse down on a chair in a restaurant, on a counter in a store, or on a bench in a park. Nor were the actions of the defendant analogous to those of the woman who fails to pick up a wallet or coin purse from the ground that has fallen from her pocket without her noticing it.
There is no question that the officer had the right to pick the purse up, as would anyone else, from the public right of way. The only issue is whether, having done so, the officer then had the further right to open the purse. We find that he did. The fact that Gwendolyn Thomas may have intended to retrieve the purse after the coast was clear, so to speak, does not alter her intent to abandon or disassociate herself from the purse at the time the officer picked it up. Id. We find |7that the facts as observed and recounted by the officer leading up to the opening of the purse are sufficient to establish the abandonment. Additionally, the facts and circumstances pertinent to the court’s abandonment inquiry are not limited to those that were known to the officers at the time of the search or seizure. Id. Rather, subsequently discovered evidence may support an inference of intent to abandon. Id. In the instant case the subsequent discovery of the contraband supports the reasonable inference of abandonment - and once abandoned the defendant has no constitutional expectation of privacy.
Remember, we are not dealing with evidence acquired pursuant to an improper stop thereby rendering unlawful any resultant seizure of abandoned property. State v. Tucker, 626 So.2d 707, opinion reinstated on rehearing 626 So.2d 720 (La.1993). Nor are we dealing with an attempt by the prosecution to pull itself up by its bootstraps by using evidence seized pursuant to a warrantless search without probable cause where an expectation of privacy existed to establish probable cause after the fact for the search. The use of after acquired evidence to establish abandonment is different, because by proving abandonment all constitutional expectations of privacy are simultaneously disproved as distinguished from the case where contraband is found in a home entered without a warrant. The discovery of contraband under such circumstances without more creates no inference of probable cause. The constitutional limits on governmental search and seizure authority does not extend to abandoned property.
|sThe trial judge could also reasonably infer that it must have taken longer than two or three seconds to stop the police vehicle, open the door, exit the vehicle and retrieve the purse. It would have taken that long had Officer O’Neal already been standing on the corner next to the defendant when she dropped the purse. Regardless, abandonment takes no longer than it takes to form the intent to abandon.
*837 Additionally, the trial court is entitled to consider the totality of the circumstances in making its abandonment determination, i.e., the trial court is entitled to take into account the actions of the party to whom the defendant held out the purse as a fact in determining the defendant’s intent to abandon. The fact that this other party upon observing the police vehicle reacted to the proffered purse as though it were the proverbial hot potato and walked away, may be coupled with the defendant’s failure to reach down to pick up the purse in determining that both parties wished to avoid contact with the purse, at least while in the presence of the police.
This Court found abandonment of a gun in State v. Johnson, 94-1170, p. 1 (La.App. 4 Cir. 8/23/95); 660 So.2d 942, 945, writ den. 95-2331 (La.2/2/96); 666 So.2d 1092, and writ den. State v. Dibartolo, 95-3044 (La.2/2/96); 666 So.2d 1105, where the actions of the observed parties were virtually identical to those of the defendant and the other party who walked away in the instant case:
Officer Waguespack [while driving in his patrol car] observed the defendants Johnson and DiBartolo standing on the sidewalk. Johnson and Dibartolo seemed surprised when they saw the three police vehicles. Officer Heck then saw DiBartolo turn, take a gun from his waistband area and throw it on the ground. Johnson turned and walked away nervously.
1 aJust as in the instant ease neither party ran from the scene, and the only party who walked away was not the defendant who was found to have abandoned the property.
The evidence shows that defendant abandoned the purse without any infringement of her property rights or governmental interference. Accordingly, the police lawfully recovered the purse and opened it, defendant having relinquished any protected property interest in the purse.
There is no merit to this assignment of error; the trial court properly denied defendant’s motion to suppress the evidence.
For the foregoing reasons, defendant’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.