ROLAND L. BELSOME, Judge.
 

 | ]Defendant-Appellant Eddie Jackson, Jr. appeals his sentence and conviction. For the reasons that follow, we affirm the conviction, vacate the sentence and remand for further proceedings.
 

 FACTS AND PROCEDURAL HISTORY
 

 New Orleans Police Officer Lt. Joseph Williams testified that on March 30, 2005, Detective Dennis Bush received information from a reliable confidential informant that an individual named “Eddie” was involved in narcotics activity at the intersection of Desire and Law Streets. Detectives Dennis Bush, Mike Dalferes, Corey Robinson and Yussef Willoughby, in plain clothes and unmarked police units, conducted surveillance at that location. Lt. Williams and Detective Jody Laroche, also in plain clothes and manning an unmarked unit, served as enforcement officers to affect an arrest, and they positioned themselves just outside the surveillance area. Following surveillance, Detectives Dalferes and Bush got into Williams’ car and followed the defendant to 2518 Louisa Street. Detectives Dalferes and Bush went to the back of the house while Lt. Williams and Detective |2Laroche covered the front door of the house. Shortly thereafter, Detective Bush arrested the defendant.
 
 [1]
 

 
 *528
 
 Similarly, Detective Corey Robinson testified that he was assisting the surveillance of the defendant at Desire and Law Streets. Detective Robinson first observed the defendant about five to eight feet from the intersection talking with a person standing on the sidewalk. Detective Robinson witnessed the person hand the defendant what he believed to be currency. The defendant placed the currency in his pocket and then walked a short distance into a vacant lot where he picked up a brown paper bag. The defendant reached into the bag and retrieved an item, which he gave to the person, who then walked away. A few minutes later, Detective Robinson observed two other occasions during which people approached the defendant, and he repeated his previous behavior of receiving what Robinson believed to be currency, walking to the brown paper bag, removing something from it, and handing it to the person. Upon completion of the third transaction, it began to rain. The defendant gathered the brown paper bag and rode on a bicycle to a house in the 2500 block of Louisa Street. Detective Robinson followed the defendant and directed the takedown units to the location. When the defendant walked down the alley to the back of the house, Detective Robinson lost sight of him. The takedown units arrested the defendant shortly thereafter.
 
 [2]
 

 | ^Detectives Bush, Dalferes, Willoughby and Robinson made in-court identifications of the defendant as the person they arrested on March 30, 2005.
 

 Joseph Roy Allen, a property clerk with the Orleans Parish Criminal District Court, testified that the evidence room of Criminal District Court was flooded by five feet of water from Hurricane Katrina.
 
 [3]
 
 Corey Hall, a New Orleans Police Department crime lab technician and an expert in the analysis and identification of narcotics, testified that he tested the packets of substances retrieved from the defendant. The substances tested positive for marijuana and heroin.
 

 On May 17, 2005, the State charged Eddie Jackson, Jr., with one count of possession with intent to distribute marijuana (count one) and one count of possession with intent to distribute heroin (count two) in violation of La. R.S. 40:966. The defendant entered a not guilty plea on May 31, 2005. On June 24, 2005, the trial court found probable cause and denied the Motion to Suppress the Evidence. On August 25, 2006, a twelve member jury found the defendant guilty as charged on both counts.
 

 On November 16, 2006, defendant filed a Motion for Post Judgment Verdict of Acquittal and Motion for New Trial. The trial court denied the Motion for New Trial on April 26, 2007. On April 27, 2006, the trial court sentenced the defendant to
 
 *529
 
 ten years on count one and seven years on count two at hard labor without the benefit of probation, parole or suspension of sentence. That same day, the State filed a multiple bill charging the defendant as a fourth felony offender. A hearing on the multiple bill, however, has not been held. On November 16, 2007, the defendant filed an untimely Motion for Appeal, which the trial court granted.
 

 \ .ERRORS PATENT
 

 A review of the record for errors patent reveals four.
 

 The defendant herein was convicted of one count of possession with intent to distribute marijuana and one count of possession with intent to distribute heroin. At the time of defendant’s conviction, under La. R.S. 40:966 B(3), the term of imprisonment for a conviction for possession with intent to distribute marijuana carried no restrictions as to parole, probation or suspension of sentence, but did provide for a mandatory fine of not more than $50,000.00. According to the sentencing transcript, the court did not deny the benefits of parole, probation or suspension of sentence. However, the minute entry of sentencing and the commitment form erroneously state that the marijuana sentence is to be served without the benefit of parole, probation and suspension of sentence. Generally, when there is a conflict between the minute entry and the trial transcript, the transcript controls.
 
 State v. Hall,
 
 1999-2887 (La.App. 4 Cir. 10/4/00), 775 So.2d 52. Furthermore, the trial court erroneously failed to impose the mandatory fine.
 

 Additionally, pursuant to the language of La. R.S. 40:966 B(l) at the time of defendant’s conviction, a conviction for possession with intent to distribute heroin was to be served without benefit of probation or suspension of sentence. In this case, the trial judge incorrectly imposed the defendant’s sentence without benefit of parole.
 

 The last error patent involves the defendant’s Motion for Post Verdict Judgment of Acquittal, which he filed on November 16, 2006. The record indicates that the trial court sentenced the defendant on April 27, 2007,
 
 without
 
 ruling on the Motion for Post Verdict Judgment of Acquittal, in | .^contravention of La.C.Cr.P. art. 821. Article 821 provides that a defendant may move for a post verdict judgment of acquittal following the verdict, and that such motion must be made and disposed of before sentence.
 
 See also State v. Ashford,
 
 2003-1691 (La.App. 4 Cir. 6/16/04), 878 So.2d 798.
 

 ASSIGNMENT OF ERROR NUMBER 1
 

 In the first assignment of error, the defendant argues that the trial court erred in denying his Motion to Suppress the Evidence because there was no reason to justify the detectives’ warrantless intrusion into the residence to seize the brown paper bag. Further, he claims the detectives created an exigent circumstance by deliberately waiting until he entered the protected area where a warrant was required thus precluding the State from asserting the inevitable discovery doctrine.
 

 On trial of a motion to suppress, the State has the burden of proving the admissibility of all evidence seized without a warrant. La.C.Cr.P. art. 703(D);
 
 State v. Jones,
 
 97-2217 (La.App. 4 Cir. 2/24/99), 731 So.2d 389. A trial court’s ruling on a motion to suppress the evidence is entitled to great weight, because the trial court had the opportunity to observe the witnesses and weigh the credibility of their testimony.
 
 Jones, supra.
 

 It is not a prerequisite for the existence of probable cause to make an
 
 *530
 
 arrest that the police officers know at the time of the arrest that the particular crime has definitely been committed; it is sufficient that it is reasonably probable that the crime has been committed under the totality of the known circumstances.
 
 State v. Gates,
 
 24,995 (La.App. 2 Cir. 1/19/94), 630 So.2d 1345. An arresting officer need only have a reasonable basis for believing that his information and conclusions are correct.
 
 Rodriguez v. Deen,
 
 33,308 (La.App. 2 Cir. 5/10/00), 759 So.2d 1032. For an arrest, the law does not require that “reasonable cause to believe” be established by evidence |fisufficient to convict; the arresting officer need not be convinced beyond a reasonable doubt of the arrested person’s guilt.
 
 See
 
 La.C.Cr.P. art. 213;
 
 [4]
 

 State v. Weinberg,
 
 364 So.2d 964 (La.1978). The standard of reasonable cause to believe is a lesser degree of proof than beyond a reasonable doubt, determined by the setting in which the arrest took place, together with the facts and circumstances known to the arresting officer from which he might draw conclusions warranted by his training and experience.
 
 Id.
 

 Probable cause for an arrest must be judged by the probabilities and practical considerations of everyday life in which average people, and particularly average police officers, can be expected to act.
 
 State v. Franklin,
 
 598 So.2d 1147 (La.App. 1 Cir.1992). The reputation of the area is an articulable fact upon which a police officer may legitimately rely.
 
 Id.
 
 The determination of probable cause, unlike the determination of guilt at trial, does not require the fine resolution of conflicting evidence that a reasonable doubt or a preponderance standard demands.
 
 State v. Green,
 
 98-1021, p. 9 (La.App. 4 Cir. 12/22/99), 750 So.2d 343.
 

 Additionally, a confidential informant may provide adequate information to establish probable cause for a warrantless arrest, as long as the basis for the informant’s knowledge and reliability are established when examined under the totality of the circumstances.
 
 Illinois v. Gates,
 
 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Corroboration of details of the informant’s tip by independent police investigation is applicable to totality of the circumstances analysis.
 
 Id.
 

 |7In this case, Detective Bush testified that he received information from a reliable confidential informant that an individual forty-five to fifty years old named “Eddie” and wearing a black shirt was selling heroin at the intersection of Desire and Law Streets. Detectives Bush, Dal-feres and Jackson set up surveillance at the location within twenty-four hours of receiving the information. The detectives observed the defendant, who fit the description of “Eddie” provided by the confidential informant, engage in three transactions with unknown individuals. In each instance, the unknown individual briefly spoke with the defendant and handed him what appeared to be currency. The defendant walked a few feet into the vacant lot at the location, knelt down in the grass, retrieved an object from a brown paper bag and handed it to the individual, who in turn left the area. Thus, the record evi-
 
 *531
 
 denees that under the totality of the circumstances in this case, it was reasonable for the detectives to conclude that the defendant was selling narcotics, establishing probable cause.
 

 Generally, searches may be conducted only pursuant to a warrant which has been issued by a judge on the basis of probable cause. U.S. Constitution, Amendment 4; Louisiana Constitution Article 1 § 5; C.Cr.P. Article 162;
 
 State v. Brady,
 
 585 So.2d 524 (La.1991). Police generally need a warrant to enter a home, but “warrantless searches will be allowed when police have a reasonable belief that exigent circumstances require immediate action and there is no time to secure a warrant.”
 
 United States v. Lenoir,
 
 318 F.3d 725, 730 (7th Cir.2003). Exigent circumstances are exceptional circumstances which, when coupled with probable cause, justify an entry into a protected area that, without those exceptional circumstances, would be unlawful.
 
 State v. Hathaway,
 
 411 So.2d 1074, 1079 (La.1982).
 

 |hA recognized exception to the warrant requirement for entry into a building is a quick search of the premises to determine the presence of persons in need, the presence of a perpetrator who might still remain on the premises, or to prevent the destruction of evidence.
 
 Thompson v. Louisiana,
 
 469 U.S. 17, 105 S.Ct. 409, 83 L.Ed.2d 246 (1984). Likewise, an intrusion of a protected area is justified if there is probable cause to arrest and exigent circumstances.
 
 State v. Rudolph,
 
 369 So.2d 1320 (La.1979). An example of exigent circumstances is the destruction of evidence.
 
 Hathaivay, supra.
 

 In this case, once the detectives realized the defendant was in the house on Louisa Street, they had valid reason to believe that the contraband could be destroyed or hidden, constituting exigent circumstances. Accordingly, we find that the probable cause, coupled with the exigent circumstances, justified the detectives’ entry into the protected area without a search warrant under these particular facts and circumstances.
 

 PRO SE ASSIGNMENT OF ERROR NUMBERS 1, 2 AND 3
 

 By these assignments, the defendant argues that his defense was prejudiced by having to go to trial without a copy of the transcript of his preliminary hearing because he was unable to prove that the arresting officers gave perjured testimony at trial.
 

 “[T]he suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution.”
 
 Brady v. Maryland,
 
 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-97, 10 L.Ed.2d 215 (1963). Evidence is material, hence discoverable, if there is a reasonable probability that the outcome of the trial would have been different had the evidence been disclosed to the defense.
 
 United States v. Bagley,
 
 473 U.S. 667, 668, 105 S.Ct. 3375, 87 L.Ed.2d 481 (1985). ^Evidence that the government has failed to disclose to the defendant is considered collectively in determining whether the materiality requirement of a
 
 Brady
 
 violation has been satisfied.
 
 Kyles v. Whitley,
 
 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995);
 
 State v. Marshall,
 
 94-0461 (La.9/5/95), 660 So.2d 819.
 

 In this case, other than the defendant’s argument that he was denied a copy of the preliminary hearing transcript, nothing in the record indicates that he requested the transcript or that the trial court refused to
 
 *532
 
 provide him a copy. Nevertheless, the record does contain the transcript, and comparing the transcript with the trial testimony indicates that this assignment of error lacks merit, as the officers who testified at the preliminary hearing did not testify at trial.
 

 At the defendant’s June 24, 2006 preliminary hearing, only Detectives Dennis Bush and Yussef Willoughby testified; neither Detective Bush nor Detective Wil-loughby testified at trial because they were no longer employed by the New Orleans Police Department at that time. Instead, Detectives Joseph Williams, Corey Robinson and Michael Dalferes testified at trial. It stands to reason that if neither Bush nor Willoughby testified at trial, there was no impeachment evidence to be had. In order for the defendant to obtain relief, he must prove “substantial prejudice.” La.C.Cr.P. art. 298. Accordingly, the defendant has not identified any inconsistencies between testimony at the preliminary hearing and testimony at trial.
 

 PRO SE ASSIGNMENT OF ERROR NUMBER 4
 

 The defendant contends the trial court erred by not declaring a mistrial as a result of improper remarks made by the State in closing argument. The defendant maintains that the Assistant District Attorney: 1) referred to the | ^defendant as a drug dealer; 2) referenced the defendant’s failure to testify in his own defense; and 3) asked the jury if they would like to live next door to the defendant.
 

 A review of the transcript of the State’s closing argument does not indicate that the State referenced the defendant’s failure to take the stand in his own defense, nor that the State make any comment concerning whether the jury would like to live next door to the defendant.
 

 During closing argument, the Assistant District Attorney did state:
 

 “Mr. Jackson sells drugs. He is a drug dealer, okay?”
 

 In this case, however, defense counsel failed to object to the remark and therefore did not preserve the issue for appellate review.
 
 [5]
 
 Even if the issue were preserved for appellate review, the trial court did not err by not declaring a mistrial or admonishing the jury to disregard the remark. In
 
 State v. Clark,
 
 2001-2087 (La.App. 4 Cir. 9/25/02), 828 So.2d 1173, this Court set forth the standard for determining whether a prosecutor’s remarks are so prejudicial as to warrant a new trial:
 

 The scope of closing argument “shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case. The argument shall not appeal to prejudice. The state’s rebuttal shall be confined to answering the argument of the defendant.” La.C.Cr.P. art. 774. Prosecutors may not resort to personal experience or turn argument into a plebiscite on crime.
 
 State v. Williams,
 
 
 *533
 
 96-1023, p. 15 (La.1/21/98), 708 So.2d 703, 716. However, prosecutors have wide latitude in choosing closing argument tactics.
 
 State v. Casey,
 
 99-0023, p. 17 (La.1/26/00), 775 So.2d 111022, 1036, citing
 
 State v. Martin,
 
 539 So.2d 1235, 1240 (La.1989) (closing arguments that referred to “smoke screen” tactics and defense as “commie pinkos” were deemed inarticulate but not improper). Further, the trial judge has broad discretion in controlling the scope of closing arguments.
 
 Id.
 
 Even if the prosecutor exceeds the bounds of proper argument, a reviewing court will not reverse a conviction unless “thoroughly convinced” that the argument influenced the jury and contributed to the verdict.
 
 State v. Ricard,
 
 98-2278, p. 4 (La.App. 4 Cir. 1/19/00), 751 So.2d 393, 397. Even where the prosecutor’s statements are improper, credit should be accorded to the good sense and fairmindedness of the jurors who have heard the evidence.
 
 Williams, supra; Ricard; supra.
 

 2001-2087, p. 7, 828 So.2d at 1183 (emphasis added). In this case, the prosecutor’s statement was based on the evidence presented at trial, in that the evidence showed that at least one officer witnessed the defendant engage in three hand-to-hand drug transactions.
 

 Moreover, the statement itself was not so inflammatory as to create undue prejudice to the defendant by contributing to the verdict. For instance, in
 
 Clark, supra,
 
 this Court found that the prosecutor’s comments that the amount of drugs found in the defendant’s possession represented two thousand needles sticking out of his arm, and that if not for the officers involved in the case, drugs would come “pouring” into the city’s streets, did not warrant a new trial. Likewise, in
 
 State v. Harry,
 
 2001-2336 (La.App. 4 Cir. 6/26/02), 823 So.2d 987, this Court found although the prosecutor’s statement that the defendant was the type of person to approach the jurors’ children and try to sell them drugs was improper, it did not contribute to the verdict and thus did not entitle the defendant to a new trial.
 
 [6]
 

 | ^Considering the foregoing, we cannot say that that the prosecutor’s statement in this case was inflammatory. Even if the statement exceeded the scope of La. C.Cr.P. art. 774,
 
 [7]
 
 it was not so prejudicial as to warrant the granting of a mistrial pursuant to La.C.Cr.P. art. 771
 
 [8]
 
 . This assignment of error lacks merit.
 

 
 *534
 
 CONCLUSION
 

 The defendant’s conviction is affirmed. The defendant’s sentence is vacated and the matter is remanded for ruling on the Motion for Post Verdict Judgment of Acquittal, imposition of a fine as to the marijuana conviction, removal of the prohibition of parole on the heroin sentence, and correction of the minute entry and commitment form.
 

 CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED WITH INSTRUCTIONS.
 

 [1]
 

 . Lt. Williams informed the court that Detectives Bush, Laroche and Willoughby are no
 
 *528
 
 longer with the New Orleans Police Department.
 

 [2]
 

 . Detective Michael Dalferes took the stand and informed the court that he had also participated in the defendant's arrest as an undercover police unit on March 30, 2005, conducting surveillance of the defendant in the area of Law and Desire Streets. Detective Dalferes along rode with Detective Bush to Louisa Street as directed by Det. Corey Robinson. Detectives Dalferes and Bush went to the back of the house and knocked on the door. The defendant opened the door, panicked and dropped the brown paper bag to his feet. Detective Dalferes inspected the contents of the bag, which he recognized as packets of heroin and marijuana, arrested the defendant, searched him and retrieved $40.00. The evidence was tagged and transported to central lockup.
 

 [3]
 

 . Some of the currency evidence has been remediated; however, some of the currency is unavailable to date.
 

 [4]
 

 . La.C.Cr.P. art. 213 provides in pertinent part:
 

 A peace officer may, without a warrant, arrest a person when:
 

 (1)The person to be arrested has committed an offense in his presence; and if the arrest is for a misdemeanor, it must be made immediately or in close pursuit;
 

 (2) The person to be arrested has committed a felony, although not in the presence of the officer;
 

 (3) The peace officer has reasonable cause to believe that the person to be arrested has committed an offense, although not in the presence of the officer ...
 

 [5]
 

 . La.C.Cr.P. art. 770 provides in part:
 

 In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial, or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the iurv:
 

 (1) When the remark or comment is made by the judge, the district attorney, or a court official, and the remark is not within the scope of Article 770;
 

 [[Image here]]
 

 In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.
 

 [6]
 

 .See also State v. Williams,
 
 96-1023, p. 15 (La.1/21/98), 708 So.2d 703, 716, (finding that the prosecutor’s statements that the jury should no longer tolerate or excuse killings was not a plebiscite on crime);
 
 State v. Deboue,
 
 552 So.2d 355, 370 (La.1989)(finding it improper but harmless when the prosecutor stated that the "community is waiting for you to tell them what to do” and told the jurors that the defendants would merely laugh if given life sentences);
 
 State v. Mims,
 
 97-1500, p. 51 (La.App. 4 Cir. 6/21/00), 769 So.2d 44, 76 (finding that a new trial was not warranted where the prosecutor referred to them as purveyors of drugs and "soldiers of death”);
 
 State v. Johnson,
 
 2000-0680, p.14 (La.App. 1 Cir 12/22/00), 775 So.2d 670, 680 (finding improper but harmless the prosecutor's exhortation to the jury to "do the right thing” as citizens of Baton Rouge).
 

 [7]
 

 . La.C.Cr.P. art. 774 provides;
 

 The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.
 

 The argument shall not appeal to prejudice. The state’s rebuttal shall be confined to answering the argument of the defendant.
 

 [8]
 

 . La.C.Cr.P. art. 771 states;
 

 In the following cases, upon the request of the defendant or the state, the court shall promptly admonish the jury to disregard a remark or comment made during the trial,
 
 *534
 
 or in argument within the hearing of the jury, when the remark is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant, or the state, in the mind of the jury:
 

 (1) When the remark or comment is made by the judge, the district attorney, or a court official, and the remark is not within the scope of Article 770; or
 

 (2) When the remark or comment is made by a witness or person other than the judge, district attorney, or a court official, regardless of whether the remark or comment is within the scope of Article 770.
 

 In such cases, on motion of the defendant, the court may grant a mistrial if it is satisfied that an admonition is not sufficient to assure the defendant a fair trial.